### MARYLAND CASUALTY CO. v. FERGUSON. (No. 1474.)

(Court of· Civil Appeals of Texas. El Paso. May 10, 1923. Rehearing Denied June 7, 1923.)

**Master and servant ☞385(13) — Method of computing compensation for permanent partial disability approved.**

Under Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—19), providing compensation for partial incapacity, and article 5246—21, providing compensation for special injuries, both sections limiting the compensation to a maximum of $15 per week, *held*, that an award of 25 per cent. of 60 per cent. of the employee's weekly wage of $86, amounting to $12.90 per week, for 25 per cent. permanent partial disability as related to the use of his arm, was warranted as against the contention of the insurer that his compensation should be $3.75 per week, based on 25 per cent. (the percentage of disability) of the maximum weekly compensation permitted.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Proceeding under the Workmen's Compensation Law by Virgil B. Ferguson for compensation for injuries, opposed by the Maryland Casualty Company, insurer of the Southwestern Oil Development Company, employer. The Industrial Accident Board awarded compensation, to set aside which the insurer brought suit. From a judgment sustaining the award, the insurer appeals. Affirmed.

Cunningham & Oliver, of Abilene, for appellant.

Scott, Brelsford, Funderburk & Ferrell, of Eastland, for appellee.

WALTHALL, J. This case was tried on an agreed statement of facts, and from the judgment rendered this appeal is prosecuted. The agreed statement of facts may be summarized, for the purposes of this opinion, as follows:

On February 21, 1920, the Southwestern Oil Development Company was a subscriber under the provision of the Workmen's Compensation Law of Texas, and at that time

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

carried a policy of insurance with the Maryland Casualty Company, and at that time was engaged in drilling oil wells near the town of Desdemona, Tex. On the day mentioned Virgil B. Ferguson was in the employ of the Southwestern Oil Development Company as a tool dresser, and as such employee was covered by said policy of insurance. While so engaged, and in the course of his employment, Ferguson sustained injuries to his left forearm, of such a nature as to temporarily cause a total disability from engaging in his usual occupation. The average weekly wages of Ferguson, made the predicate for his compensation, is $86, and so long as the total disability lasted he was entitled to compensation at the rate of $15 per week.

In January, 1921, Ferguson underwent an operation, resulting in his recovery from his total disability, and from and after June 27, 1921, he suffered a permanent partial disability of 25 per cent. as related to the use of his arm. Ferguson is entitled to compensation (permanent disability) at the rate of $15 per week from March 1, 1920, to June 27, 1921, both days included, a period of 69 weeks. Ferguson is entitled to compensation for permanent partial disability in such sums weekly as may be provided by the Workmen's Compensation Law of Texas, from and including the 28th day of June, 1921, for a period of 131 weeks.

The Maryland Casualty Company paid compensation to Ferguson from and including March 1, 1920, to April 2, 1921, at the rate of $15 a week (57 weeks), a total of $855, in addition to all physician's and hospital bills. On April 2, 1921, on account of a disagreement between the company and Ferguson as to the weekly compensation that should be paid for his partial recovery from total disability, the company ceased to pay the weekly compensation and submitted the matter in controversy to the Industrial Accident Board for determination.

On July 1, 1921, the Industrial Accident Board rendered its decision and award to the effect that the company should pay to Ferguson the sum of $1,035 for the period of his total disability, and further adjudged that the company should pay compensation at the rate of $12.90 per week for the period of 131 weeks, beginning on June 28, 1921, for permanent partial disability. The company duly gave notice that it would not abide by the decision of the board, and duly instituted this suit to set aside the board's decision and award; the contention of the company being that $3.75 per week for the period of 131 weeks is the proper amount, and not $12.90, as awarded by the board.

Ferguson, by proper answer filed, seeks judgment for the $1,035 for total disability, less the $855 paid, and the $12.90 for the 131 weeks, beginning with June 28, 1921. It was agreed that, whatever amount Ferguson recovered, one-third of such recovery should be for the use of his attorneys, and the judgment so states.

On the trial before the district court, Ferguson recovered judgment for the total sum of $1,867.90, being the $1,035 for the period of total disability, less $855 paid thereon, and in addition judgment for $1,689.90 for the period of the remainder of the 131 weeks of partial disability at the rate of $12.90 per week, beginning with June 28, 1921, payable weekly, one-third of the entire sum to be for the use of Ferguson's attorneys, Scott, Brelsford, Funderburk & Ferrell.

Under the agreed statement as above, there is but one question presented here, viz.: Is Ferguson, under the Workmen's Compensation Act of March 28, 1917, now articles 5246—1 to 5246—91, Vernon's Texas Civil Statutes Supp. 1918, entitled to receive for his permanent partial disability as related to his left forearm, the sum of $12.90 per week for the 131 weeks, as award by the board and the judgment of the trial court, or should his compensation therefor be the sum of $3.75 per week for said period, as claimed by appellant?

The compensation fixed by the statute is determined according to the percentage of incapacity. Article 5246, subdivision 19, part 1, providing compensation for partial incapacity, reads:

"While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to sixty per cent. of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity, but in no case more than $15.00 per week."

Subdivision 21, part 1, of the same article, providing compensation for special injuries, reads as follows:

"For the injuries enumerated in the following schedule the employé shall receive in lieu of all other compensation except medical aid, hospital services and medicines as elsewhere herein provided, a weekly compensation equal to sixty per cent. of the average weekly wages of such employee, but not less than $5.00 per week nor exceeding $15.00 per week, for the respective periods stated herein, to wit: [Then follow the schedule, in each basing the compensation upon 60 per cent. of the average weekly wages for the weeks stated, and in the latter portion of the same subdivision providing for cases of partial incapacity not otherwise specifically mentioned in the schedule, and stating that compensation therefor shall be determined according to the percentage of incapacity taking into account the matters mentioned, the subdivision then concludes:] The compensation paid therefor shall be 60 per cent. of the average weekly wages of the employé, but not to exceed $15.00 per week, multiplied by the percentage of incapacity caused by the injury for such period as the board may determine"—in this case 131 weeks, as agreed.

The permanent partial incapacity of the forearm, as here, if not specifically stated and provided for in the schedule in subdivision 21, the compensation therefor is provided for incapacity to the forearm in the expression "in all other cases" of partial incapacity, and should it be held that different methods of computation are contemplated under subdivisions 19 and 21, we need not try to harmonize the two subdivisions, if not harmonious. Both subdivisions 19 and 21 provide for a maximum average weekly compensation for the injury sustained. We understand the meaning and the application of the statute in fixing the compensation not to exceed $15 per week to be that in no case shall compensation be greater than $15 per week. To make the compensation to be paid in this case to be 60 per cent. of the amount of the reduced incapacity by reason of the injury, as was done by the board and the trial court, would not do violence to either of the above subdivisions.

The above construction of the statute would entitle Ferguson to $12.90 per week for the 131 weeks. The judgment of the trial court is in all matters affirmed.

HARPER, C. J. I agree to the opinion written by Justice WALTHALL and suggest the following additional reasons for affirmance:

The award of the board, as confirmed by the trial court, is in accord with subdivision 19, also with subdivision 21, in that, as to the latter, the injury suffered, partial permanent injury to the arm, is classified under that schedule. Stoica v. Swift & Co., 100 Neb. 434, 160 N. W. 964.

Appellant contends that the injury comes within the provisions of the last clause of subdivision 21, and that the $15 maximum is to be multiplied by the 25 per cent. incapacity of the arm. Certainly this was not the meaning intended by the Legislature, because such a construction would fix $3.75 as the maximum amount that could be awarded where 25 per cent. incapacity has been suffered, no matter what amount of weekly wages had been earned by the employee prior to the accident. Such a construction is unreasonable.

I am of the opinion that the last clause of subdivision 21 does not apply to this injury, because it comes under the prior provisions of the subdivision and this clause begins, "In all other cases of partial incapacity," which excludes this one from its provisions; also for the reason stated in Western Ind. Co., v. Corder (Tex. Civ. App.) 249 S. W. 316. Courts should follow the construction placed upon the act by the board, unless clearly wrong. The amounts allowable under any construction of the act are too small at best.

HIGGINS, J. (concurring). In my opinion, the compensation to which appellee is entitled is controlled by either article 5246—19 or the last portion of article 5246—21, to the effect that the compensation shall be 60 per cent. of the average weekly wages, not exceeding $15 per week, multiplied by the percentage of incapacity, etc. These two sections provide different methods of computation and produce different results.

I am frank to confess that I do, not know which controls. I am not prepared to say that the conclusion of the majority is incorrect.

I therefore concur in the ultimate conclusion of affirmance.