**LUMBERMEN'S RECIPROCAL ASS'N v. COODY et al.    (No. 1325.)**

(Court of Civil Appeals of Texas. Beaumont. Jan. 2, 1926.)

**1. Master and servant ⬤⟹385(1)—Compensation allowed for incapacity to work.**

Object of Workmen's Compensation Act is to compensate employees for incapacity to work caused by some accident or injury received in course of their employment.

**2. Master and servant ⬤⟹385(1)—Injured employee continuing work held not entitled to compensation as for "incapacity" to work.**

Employee receiving a broken arm *held* not entitled to compensation under Rev. St. 1925, art. 8306, §§ 10, 11, as for "incapacity" to work, where he continued to perform his duties and was paid full wages; "incapacity" meaning lack of capacity, lack of ability or qualification, etc.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Incapacity.]

Appeal from Jefferson County Court; C. W. Ellis, Judge.

Proceedings by C. W. Coody and others under Workmen's Compensation Act for compensation, opposed by the Lumbermen's Reciprocal Association, insurer. An appeal from an award of Industrial Accident Board resulted in judgment for plaintiffs, and insurer appeals. Reversed and rendered.

Andrews, Streetman, Logue & Mobley, of Houston, for appellant.

Howth, Adams & Hart, of Beaumont, for appellees.

O'QUINN, J. This is an appeal from an award of the Industrial Accident Board in favor of appellee and against appellant. It was tried before the court without a jury, and resulted in a judgment for Coody and his attorneys against appellant in the sum of $240.

The trial court filed his findings of fact and conclusions of law. So far as are necessary for the disposition of the case, they are:

"I find that C. W. Coody was an employee of said Kirby Lumber Company on or about the 28th day of June, 1924, and had so been for more than a year preceding, during which time he had always earned a salary of $275 a month as mill foreman. On or about said 28th day of June, 1924, Coody sustained an injury in the course of his employment as an employee of said Kirby Lumber Company, which injury resulted in a broken left arm. As a result of this, the said Coody suffered a disability of twelve weeks, during the greater part of which said period said arm was in a sling, but during all of which time he continued to work and perform his duties as foreman, and was paid his full salary of $275 a month. I find against the said Coody as to his claim for disability extending beyond said period of 12 weeks, which said period immediately followed the injury.

"I conclude that even though the said Coody worked during said 12 weeks period and was paid his full wages, that he is entitled to compensation therefor at the rate of $20 per week for said period, but is not entitled to any further compensation. One-third of said allowance to said Coody is due to said Howth, Adams & Hart, as attorney's fees."

Appellant's first proposition is:

"Compensation under the Workmen's Compensation Law (excluding death cases) is recoverable when the disability to work is total or partial, or for certain specific losses to members, and the trial court having found against the last two alternatives as a matter of fact, and it appearing that even though the employee had his arm broken, he performed his duties and received full pay, he is not entitled to recover compensation."

Coody's claim of injury or disability is shown by a cross-petition, as follows:

"Thereby causing a temporary total disability and a permanent partial injury to the defendant's said arm, by reason of which the defendant was unable to use the same, and lost the complete use of his arm for a period of 12 weeks, and that thereafter the defendant C. W. Coody's arm was incapacitated to an extent of 50 per cent. for a period of six weeks, and that after said partial incapacity of 50 per cent. terminated there was a total permanent incapacity of at least 15 per cent. of plaintiff's said arm."

Article 8306, § 10, Revised Civil Statutes 1925 (old article 5246—18), provides:

"While the incapacity for work resulting from the injury is total, the association shall pay the injured employee a weekly compensation equal to sixty per cent. of his average weekly wages, but not more than $20.00 nor less than $7.00 and in no case shall the period covered by such compensation be greater than four hundred and one weeks from the date of the injury."

Article 8306, § 11, Revised Civil Statutes 1925 (old article 5246—19), provides:

"While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to sixty per cent. of the difference between his average weekly wages before the injury and his average weekly wage-earning capacity during the existence of such partial incapacity, but in no case more than $20.00 per week. The period covered by such compensation shall be in no case greater than three hundred weeks; provided that in no case shall the period of compensation for total and partial incapacity exceed four hundred and one weeks from the date of injury."

[1] The object of the Workmen's Compensation Act is to compensate employees for incapacity to work caused by some accident or injury received in the course of their employment. If the employee receives an injury that does not incapacitate him to work, but after receiving the injury he still has the capacity to perform his usual duties and does so, for which he receives in full his usual wages, then he has lost nothing and his injury does not bring him within the law. To "incapacitate" means to deprive of capacity or natural power; render or make incapable. "Incapacity" is defined: "Lack of capacity; lack of ability or qualification; inability, incapability; incompetency." Century Dictionary. If the employee, though injured, still has the capacity, the ability to, and does continue to perform his regular work, for which he was employed, and receives his usual pay for the work, he has not been incapacitated within the intent of the law.

The findings of the court show without question that appellee, while in the discharge of his usual duties, received a broken arm, but they also show that during all the time he claims he was incapacitated, he continued to work and perform his duties as foreman, and was paid his full wages for same. It is not made to appear that during the 12 weeks for which he was allowed compensation he merely continued on the pay roll as foreman,

and that during that time he received his wages as a special or personal favor from his employer, aside from the performance of any duty he owed his employer. In other words, it is not made to appear that appellee's continuance on the pay roll and his receiving his usual wages during the alleged disability period was through the gratuity of his employer.

The statutes above quoted base the right to compensation upon "incapacity for work," and gauge the amount to be received as 60 per cent. of the employee's average weekly wages. This means 60 per cent. of the average weekly wages the employee would have earned but for the injury and consequent disability. The intent of the law is to compensate the injured employee to that extent for the loss of wages he would have earned but for the injury and resulting incapacity. Appellee here was not incapacitated for work, nor did he cease to discharge his usual duty, but kept right on working and fully performing his duties as foreman, and received his full pay for same.

[2] Under the facts, as controlled by the law, appellee was not entitled to compensation. The judgment is reversed and here rendered for appellant.

Reversed and rendered.