DOHMAN et al. v. TEXAS EMPLOYERS' INS. ASS'N. (No. 1398.)

(Court of Civil Appeals of Texas. Beaumont. June 8, 1926. Rehearing Denied June 16, 1926.)

1. Master and servant ⬅➡385(14)—Workman suffering permanent partial incapacity held entitled to compensation therefor, regardless of wages received on return to work (Rev. St. 1925, art. 8306, § 12).

Laborer suffering permanent partial incapacity in amount of 20 per cent. of use of foot *held* entitled to compensation therefor, notwithstanding on his return to work he received wages on same basis as before his injury, under Rev. St. 1925, art. 8306, § 12.

2. Evidence ⬅➡14.

Court will take judicial notice that, other things being equal, man without physical defects will find employment more readily than man who is physically unsound.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Suit by the Texas Employers' Insurance Association against E. R. Dohman and others to set aside an award of the Industrial Accident Board in favor of defendant named, in which defendants filed a cross-action. From a judgment setting aside the award and rendering judgment for defendant named in part of sum originally awarded, defendants appeal. Affirmed in part, and in part reversed and rendered.

Keen & McNeill, of Beaumont, for appellants.

Orgain & Carroll, of Beaumont, for appellee.

O'QUINN, J. Appellee, Texas Employers' Insurance Association, brought this suit in the county court of Jefferson county at law, against E. R. Dohman and Keen & McNeill, attorneys for Dohman, to set aside an award of the Industrial Accident Board of Texas in favor of appellant E. R. Dohman for compensation at the rate of $15 per week for 13½ weeks, amounting to $203.56 less the sum of $75 which had theretofore been paid, for temporary total disability, and compensation at the rate of $2.90 per week for 111½ weeks, to be paid in a lump sum, which, less a discount of 5 per cent., amounted to $306.98 for permanent partial disability; the total award amounting to $510.54.

Appellants answered and by cross-action alleged that appellant E. R. Dohman was an employee of the Petroleum Iron Works Company; that appellee was the insurer of the employees of said company under the Workmen's Compensation Act of Texas (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246 —91); that said Dohman, while in the course of his employment, on· May 3, 1922, suffered an injury to his left foot and heel, alleging due notice of the injury, claim and award; that by reason of his injury he suffered temporary total disability for 13½ weeks and permanent partial disability for 111½ weeks, for which he paid compensation; and, in the alternative, that, if he was not entitled to compensation for permanent partial disability for 111½ weeks, then he was entitled to compensation for permanent partial disability for 286½, weeks, for which he prayed judgment.

The case was tried to the court without a jury, and judgment rendered, setting aside the award of the Industrial Accident Board, and rendering judgment for appellant Dohman for the period of temporary total disability (13½ weeks at $15 per week, less the sum of $75 theretofore paid), and refusing him compensation for the permanent

partial.disability. The case is before us on appeal.

At the request of appellants, the court made and filed his findings of fact and conclusions of law, which are:

### "Findings of fact.

"I. Pursuant to the request and demand made by the defendants herein of the court that I make and file my findings of fact and conclusions of law filed November 13, 1925, I find as follows: I find that on May 3, 1922, the Petroleum Iron Works Company, a corporation doing business in Jefferson county, Tex., employed more than three employees in Jefferson county, Tex., and was a subscriber under the Workmen's Compensation Act or Employers' Liability Act of Texas, and on that date carried a policy of insurance with the Texas Employers' Insurance Association, a corporation, which policy insured the employees of said subscriber against personal injuries sustained in the course of employment under the terms and provisions of said act.

"II. I find that on the 3d day of May, 1922, E. R. Dohman was employed by the Petroleum Iron Works Company and as such employee was covered by said policy of insurance, which policy was legal and valid and provided for payments of compensation as fixed in said Employers' or Workmen's Compensation Act.

"III. I find that on said date the said E. R. Dohman was at work for the Petroleum Iron Works Company and while doing his work was standing on a scaffold. The structure which he was helping construct at the time broke loose and threw him to the ground, a distance of about 10 feet, falling with the principal weight of his body upon his left heel, injuring his left heel and foot, and such injury was sustained in the course of his employment; that in due time and as required by law the defendant E. R. Dohman notified his employers and the Texas Employers' Insurance Association that he had received an injury on said date, and in due time, and as required by law, presented his claim for compensation on account of said injury to the plaintiff and to the Industrial Accident Board of Texas; that in due course as required by law the Industrial Accident Board of Texas, on January 4, 1923, made its findings and award to defendant E. R. Dohman; that after said award was made the plaintiff; as required by law and within 20 days after the making of the award, gave notice to the Industrial Accident Board and to E. R. Dohman and to the attorneys Keen & McNeill, by personal service thereof, that it would not consent to and would not abide by said award, and did within 20 days thereafter enter suit in a court of competent jurisdiction to have the same set aside; that this suit was filed herein on the 18th day of January, 1923.

"IV. I find that the average weekly wage of the said E. R. Dohman was at the time of his injury the sum of $40.38, and he is therefore entitled to compensation at the rate of $15 per week.

"V. I find that the said E. R. Dohman never refused to accept or receive medical treatment by his employer or the insurer and always willingly subjected himself to examinations by their physicians.

"VI. I find that the said injuries to E. R.

285 S.W.—54

Dohman are permanent; that he is an uneducated man, and has always had to earn a living by manual labor; that he can do no kind of office work, and has had to rely on manual labor for his living.

"VII. I find in consequence of said injury the said E. R. Dohman suffered total incapacity for the performance of labor from May 3, 1922, to August 14, 1922, and he is therefore entitled to recover and be paid compensation at the rate of $15 per week for the definite and fixed period of 13⅔ weeks, embracing between May 11 and August 14, 1922, both dates inclusive, and aggregating the total sum of $203.56, all of which has now accrued and become due and payable.

"VIII. I further find that total incapacity terminated on August 14, 1922, and was immediately followed by permanent partial incapacity in the percentage of 20 per cent. as related to the loss of the use of his left foot, which permanent partial incapacity has since continued and still exists.

"IX. I further find that plaintiff, Texas Employers' Insurance Association, has paid the defendant E. R. Dohman five weeks' compensation, beginning May 11, 1922, totaling the sum of $75, for which they are entitled to credit.

"X. I further find that the said E. R. Dohman has been represented in the presentation to and prosecution of this claim and suit for compensation by Keen & McNeill, a firm of attorneys at law, residing at Beaumont, Tex., and that they are entitled to one-third of the amount recovered by E. R. Dohman herein.

"XI. I further find that, when E. R. Dohman went back to work for the Petroleum Iron Works Company after his injury on August 15, 1922, he was unable to do and perform the kind of work and did not do the kind of work that he was able to do and was doing when he was injured, and I further find that the said E. R. Dohman was paid substantially the same amount of wages ever since he went back to work for said company after the injury that he was drawing from the company for substantially a year preceding the time of his injury.

### "Conclusions of Law.

"I conclude that the award of the Industrial Accident Board rendered herein on the 4th day of January, 1923, should be set aside and the said E. R. Dohman should recover from the plaintiff Texas Employers' Insurance Association the sum of $203.56, less a credit of $75 heretofore paid by said company, and that the said Keen & McNeill be paid one-third of said amount for their services in prosecuting said claim; that the net amount of recovery is $128.56, with interest on this sum at the rate of 6 per cent. per annum from the 14th day of August, 1922, for which said Dohman should have his execution.

"I further conclude that while said E. R. Dohman has suffered a permanent partial incapacity from August 14, 1922, in the amount of 20 per cent. as related to the use of his foot, since he drew the same amount of pay after his injury that he did before his injury, as a matter of law he is precluded from recovering any compensation herein for the period of permanent partial incapacity, and judgment is rendered accordingly.

"This the 27th day of November, A. D. 1925."

Neither party complains of the findings of fact. There is also in the record a complete statement of facts, agreed to by the parties and approved by the court. We think the court's findings of fact are supported by the record, and we adopt same as our findings with such further statement as to the facts as may be necessary in discussing the proposition involved.

[1, 2] Appellants' first proposition is:

"The court erred in his conclusion of law filed herein, holding that while said E. R. Dohman had suffered a permanent partial incapacity of 20 per cent., as related to the loss of the use of his foot, yet since he was drawing the same amount of pay during such period of permanent partial incapacity as he was getting before his injury, as a matter of law said E. R. Dohman was precluded from recovering any compensation for such period of permanent partial incapacity."

To this proposition, appellee submits the following counter proposition:

"It appearing that Dohman was injured on May 3, 1922, and that total disability continued until August 14, 1922, to perform or to do any labor, and that upon that date he returned to work for his employer at the wages he had been receiving prior to the time he was injured, that he was able to earn such wages, and that such wages were not paid as a gratuity for the work actually performed, the court properly concluded that Dohman was not entitled to recover any compensation from and after August 14, 1922."

It is thus seen that the direct question is presented whether an employee who has suffered an injury resulting in permanent partial incapacity for work, who resumes work for the master at the same wages paid him before receiving the injury, is, under the Workmen's Compensation Act, entitled to compensation for the incapacity suffered; in other words, will the fact that an employee who receives an injury resulting in permanent partial incapacity for work, but who, after receiving the injury, returns to work for his matter at the same wage he received before the injury, bar him from compensation under the Workmen's Compensation Law?

This is an interesting and important question, and we have not been able to find where it has been decided in this state. The object of the law is to compensate injured employees for their incapacities resulting from their injuries, and, to effectuate its intent, it must be given a most liberal interpretation. The statute provides compensation to employees for permanent partial incapacity, whether they be engaged in the same or different employment, if the earning capacity be impaired or reduced. It is silent as to whether, notwithstanding the partial incapacity, the employee may obtain employment at the same or better wages than he received before receiving the injury, the compensation shall be given or refused. We think it was intended that he should be given the compensation provided for the disability, regardless of what wages he may receive after returning to work. To hold otherwise would be to read into the law a limitation that the statute does not provide. The fact that the injured employee may obtain temporary employment at the same or greater wages is not conclusive that his disability has ceased or that he is not disabled. It is shown that Dohman is not an educated man; that he can do no kind of office work; and that he does and will have to do manual labor for his support. He therefore must, of necessity, go into the public marts and compete with other applicants for employment, and, as was said in Stoica v. Swift & Co., 100 Neb. 437, 160 N. W. 965:

"It is a matter of common knowledge, of which * * * we may take judicial notice, that, other things being equal, the men without physical defects will find employment more readily than a man who is physically unsound. If his ability to obtain employment in any of the great industrial enterprises of the country is impaired, it necessarily follows that he will be compelled to find employment in the less desirable occupations and at a less remunerative wage."

See Burbage v. Lee, 87 N. J. Law, 36, 93 A. 859; Gailey v. Peet Bros. Mfg. Co., 98 Kan. 53, 157 P. 431; Hanley v. Union Stockyards Co., 100 Neb. 232, 158 N. W. 939; Stoica v. Swift & Co., 100 Neb. 434, 160 N. W. 964; De Zeng Standard Co. v. Pressey, 86 N. J. Law, 469, 92 A. 278; Kerwin v. American Railway Express Co., 273 Pa. 134, 116 A. 655.

In Burbage v. Lee, supra, the injured employee suffered permanent partial disability, but the trial court refused to allow him compensation therefor, for the reason that the employee had resumed his usual calling at no reduction in his wages. The Supreme Court held that this was error and directed that compensation be allowed, following De Zeng Standard Co. v. Pressey, 87 N. J. Law, 469, 92 A. 278, holding that—

"*The term 'disability' is not restricted to such disability as impairs present earning power at the particular occupation, but embraces any loss of physical function which detracts from the former efficiency of the body or its members in the ordinary pursuits of life.*" (Italics ours.)

In Hanley v. Union Stockyards Co., supra, the court said:

"The evidence shows that the plaintiff on two occasions obtained employment, for a few days, as a carpenter and received wages therefor larger than he had been accustomed to receive at his regular employment before his injury. But, if he is disqualified to continue his regular employment, the fact that he may procure temporary employment in a different occupation for a few days at equal or greater wages would not be conclusive that his disability had ceased."

In Gailey v. Peet Bros. Mfg. Co., supra, it is held (quoting from the syllabus):

"*An employee partially incapacitated by an injury from performing his labor does not lose his right to compensation, under the Workmen's Compensation Act, by remaining in the employment of his master at his former wages.*" (Italics ours.)

The undisputed evidence and the findings of the court show that Dohman suffered a permanent partial disability of 20 per cent. in the use of his foot. Its efficiency, capacity, enabling him to work, was permanently destroyed to this extent. In our opinion, the evidence not only amply sustained the court's finding that the foot had been permanently partially incapacitated to the extent of 20 per cent., but that the incapacity would very likely increase as Dohman's age increased and his efforts at physical labor compelled him to move about and stand upon same. We think that it was the intent of the law that he should be compensated for this loss, and the fact that he resumed work (not the same or usual work that he performed before his injury, but different and lighter work), at the same wage that he had theretofore received, does not bar him from receiving this compensation. His average daily wage at the time of his injury was $7; therefore his average weekly wage was $40.38. The compensation for permanent partial disability is 60 per cent. of the average weekly wage, $40.38, multiplied by the percentage of permanent partial disability, 20 per cent., which would be $4.84 per week for 111⅗ weeks, amounting to $539.32. Article 8306, § 12, Revised Civil Statutes 1925 (5246—21); Maryland Casualty Co. v. Ferguson (Tex. Civ. App.) 252 S. W. 854 (writ refused). This is the rule followed by the Industrial Accident Board, and the courts will follow the construction placed upon the act by the board, unless clearly wrong. Maryland Casualty Co. v. Ferguson, supra.

Appellee cites us to the case of Lumbermen's Reciprocal Association v. Coody (Tex. Civ. App.) 278 S. W. 856, as authority for the proposition that, if the injured employee had returned to work at the same wages he received prior to the injury, although he had suffered a permanent partial disability of 20 per cent. of the use of his foot, he was not entitled to compensation for such loss. The Coody Case was decided by this court; the writer of the opinion in the instant case having written the opinion in the Coody Case. We think the cases are clearly distinguishable. In the Coody Case, the injured employee suffered a broken arm. He was a sawmill foreman. After his arm was injured, he had it treated, put it in a sling, and without any delay continued every day to perform his duties as foreman and drew his regular wages. We there held that, as Coody had not ceased to work, but continued to do his regular work and received his regular pay, no incapacity for work was shown. It must be remembered, also, Coody was claiming total incapacity for work. In the instant case, the employee was totally incapacitated for work for a period of 13⅗ weeks, and when he returned to work (as before said, not the same or usual work which he had performed before his injury, but different and lighter work), although he received the same pay as before, it is admitted that he had suffered a 20 per cent. permanent partial incapacity for work as related to the use of his injured foot. While able to work, *his capacity and efficiency to do so was not the same as before*, and the fact that he was receiving the same pay did not show conclusively either that his incapacity had ceased, or that he was not in fact disabled.

From what we have said, it follows that that portion of the judgment of the trial court awarding appellants the sum of $203.-56, less the sum of $75 which had been paid, or the sum of $128.56, with interest on same at the rate of 6 per cent. per annum from August 14, 1922, is affirmed. And that portion of said judgment refusing judgment to appellant for compensation for permanent partial incapacity of 20 per cent. of the use of his foot is here reversed and rendered for appellant; that appellant Dohman recover of appellee the sum of $4.84 per week for a period of 111⅗ weeks, beginning August 14, 1922. It appearing that said weekly payments would have expired on October 5, 1924, and that same are all due, the judgment here rendered is for the sum of said payments, $539.32, together with interest thereon at the rate of 6 per cent. per annum from this date, May 20, 1926, until paid. It further appearing that E. R. Dohman, appellant, has been represented in the prosecution of this suit for compensation by Keen & McNeill, a firm of attorneys at law composed of H. C. Keen and W. T. McNeill, residing at Beaumont, Tex., under a contract with appellant Dohman for a fee of one-third of the amount recovered herein, it is the further judgment of this court that said Keen & McNeill are entitled to receive one-third of the amount here adjudged against appellee.