COMMERCIAL CASUALTY INS. CO. v. STRAWN.

No. 1103.

Court of Civil Appeals of Texas. Waco.
Dec. 10, 1931.

Rehearing Denied Jan. 7, 1932.

806

John C. Read and W. F. Bane, both of Dallas, for appellant.

Currie McCutcheon, of Dallas, for appellee.

BARCUS, J.

This is a compensation case. The cause was tried to a jury, and appellee recovered for seven weeks' total disability, and three hundred weeks 50 per cent. partial permanent disability. The material facts are without dispute. Appellee was employed as city salesman by General Tire Service, Inc., and appellant was carrying the compensation insurance. It appears that appellee with some others held the right to shoot ducks on a certain lake. Mr. Blanchette was the general manager of the General Tire Service, Inc., and controlled its employees. It was a custom of Mr. Blanchette, through himself as well as through employees, at different times to entertain prospective customers by carrying them to places of amusement or to dinner and paying therefor with company money.

On November 13, 1929, Mr. Blanchette requested appellee to take him and two of the employees of the Texas Power & Light Company, which company was a customer of the General Tire Service, Inc., to the lake for a duck hunt. All of the four men went in an automobile belonging to the Texas Power & Light Company, and it was driven by one of its men. In returning from the duck hunt, they had an automobile accident in which appellee was severely injured. As a result thereof, he was totally incapacitated for seven weeks. He received a permanent injury in having a portion of one of his ears cut off, and, as a result of the injury, his hearing in said ear had been affected and he had become partially deaf; and up to the time of trial, a year after the injury, he was suffering with dizziness in his head, and was under the care of physicians.

At the time of the injury, appellee was drawing a salary of $25 per week and a commission on all sales which amounted to about $14 per month. He had been working for the General Tire Service, Inc., for about two months. For the year next preceding the time he went to work for said company, he had been working for another tire company in the same capacity as city salesman, for which service he had been paid $40 per week, plus commissions. After he recovered from his injury, so that he could return to work, he continued to work with the same company at the same wage he had received, except that about two months thereafter his commission had been cut off by reason of the general depression in business. Appellee testified that as a result of the injury he lost the upper one-third or half of his ear; that his hearing had been impaired; that he had difficulty in talking over the telephone; that he was suffering from dizziness in his head, and was under the care of a physician; that being partially deaf he had to talk louder to his customers; that when he went into a man's office to make a sale, he felt every eye was on his deformed ear; that he had lost his pep and enthusiasm, and when he attempted to sell goods he felt he had been whipped; that by reason of his injuries he wanted to make his sale talks as short as possible, and that his ability to sell had been impaired; that because of his injury the other salesman for his employer had been able to make more and larger sales than he had.

Appellant in his brief submits six propositions based on a number of different assignments. By its first and second propositions, it contends that under the undisputed facts appellee cannot recover because at the time he received his injury he was not in the course of his employment; or, if it be conceded that appellee was in the course of his employment with the General Tire Service, Inc., he could not recover because said company was not at said time engaged in the business for which it was incorporated, and for which it obtained the compensation insurance. We overrule these contentions.

Article 8309 of the Revised Statutes contains certain definitions relating to the Workmen's Compensation Law. Section 1 of said article, provides: "'Employee' shall mean every person in the service of another under any contract of hire, expressed or implied, oral or written * * * except one whose employment is not in the usual course of trade, business, profession or occupation of his employer."

Second subdivision 4 of section 1 of said article, after excluding certain injuries not material here, provides: " * * * but shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

The undisputed evidence in this case shows that appellee at the time he received the injury had taken the general manager of his employer and two employees of its prospective customer on a duck hunt for the sole purpose of entertaining them. He was on the company's expense and its time and at its command, and doing its bidding as an employee. The record shows that, in the con-

duct of its business, appellee's employer had on different occasions, both through its general manager, Mr. Blanchette, and through its employee, appellee herein, taken prospective customers to places of amusement and dinners at the company's expense. It was the policy of the General Tire Service, Inc., to obtain as much business as possible, and Mr. Blanchette, in the performance of his duty as general manager and in furtherance of his efforts to increase the company's business, had the authority and power, and it had been his custom, either in person or through other employees, to entertain at the company's expense its present, as well as prospective, customers.

In Constitution Indemnity Co. v. Shytles (C. C. A.) 47 F.(2d) 441, in a well-considered case originating in Texas, the court held that the manager of a theater in attempting to bring trade to his employer's theater, attended various civic activities in different sections of the state in order to advertise and exploit it, was engaged in its employer's business, and was entitled to compensation for an injury received in an airship while attending one of such gatherings. To the same effect is the holding in Solar-Sturges Mfg. Co. v. Industrial Commission, 315 Ill. 352, 146 N. E. 572, where the employee was injured while going to a store to purchase cigars to be given to his employer's prospective customers.

■■ Appellant by its third proposition contends that, since the record shows without dispute that at the end of seven weeks' total disability appellee returned to work with the same employer at the same work and at the same wages, it was error for the trial court to submit to the jury the question of any disability following the period of total disability. We overrule this contention, Whether an employee is disabled in whole or in part is usually a question for a jury to determine. The fact that he may have returned to his same job at the same price does not as a matter of law establish the fact that he is not partially disabled. Said facts may be taken into consideration by the jury in determining whether the employee is partially disabled, and, if so, to what extent; and, if there was no other evidence of partial disability, then under the holding in the case of Lumbermen's Reciprocal Ass'n v. Coody (Tex. Civ. App.) 278 S. W. 856, it might be held as a matter of law that the employee had not been partially disabled. In the case at bar, however, appellee testified to facts which, if true, unquestionably show that he has sustained at least partial disability. Hartford Accident & Indemnity Ins. Co. v. Miller (Tex. Civ. App.) 5 S.W.(2d) 181 (error dis.); Dohman v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 285 S. W. 848, 850; Texas Indemnity Ins. Co. v. Gannon (Tex. Civ. App.) 38 S.W. (2d) 181 (error dis.); Texas & Pacific Ry. Co. v. Humble, 181 U. S. 57, 21 S. Ct. 526, 45

L. Ed. 747; Ft. Worth & D. C. Ry. Co. v. Wininger (Tex. Civ. App.) 151 S. W. 586, par. 10; Stoica v. Swift & Co., 100 Neb. 434, 160 N. W. 964; Columbia Casualty Co. v. Kee (Tex. Civ. App.) 11 S.W.(2d) 529; 17 C. J. 894–897; 8 R. C. L. 477.

In Dohman v. Texas Employers' Ins. Ass'n, supra, in a well-considered opinion, the court held that where an employee suffered a 20 per cent. permanent partial incapacity, he was entitled to recover compensation, notwithstanding the fact that he returned to his same work at the same wage he had received before his injury, and correctly, we think, stated: "The fact that the injured employee may obtain temporary employment at the same or greater wages is not conclusive that his disability has ceased or that he is not disabled."

In the case of Stoica v. Swift & Co., supra, the facts are almost identical with those in the case at bar, in that the injured employee had a portion of his ear cut off and his hearing impaired as a result of the injury, and the court upheld the finding of the trial court that the employee had suffered a 50 per cent. partial permanent disability.

■■ By its last three propositions, appellant in different ways contends that the findings of the jury are in conflict, and that the trial court was not authorized to enter a judgment for appellee for partial permanent disability by reason thereof. Its contention being that since the jury found that appellee was totally incapacitated for seven weeks beginning with November 13th, and in answer to other issues found that appellee was 50 per cent. partially permanently incapacitated from November 13th, that said findings are in conflict, in that appellee could not be both totally and only partially incapacitated from the same date. Its further contention being that the trial court was not authorized to enter judgment for partial permanent disability to begin at the close of the seven weeks' total disability. We overrule these propositions. The finding of the jury that appellee was totally disabled necessarily carried with it the lesser finding that he was partially disabled from November 13th. The jury found that the total disability only continued for seven weeks. Under a separate issue, it found that the partial disability was permanent. Under these findings, the trial court properly entered judgment for appellee for the seven weeks' total disability, and then for partial permanent disability to begin at the end of the seven weeks' total disability. Appellant does not contend that the trial court in its judgment allowed total and partial disability for a greater length of time than that provided by law if the jury had found that the permanent partial disability began at the end of the seven weeks' total disability.

We have examined all of appellant's assignments of error and propositions thereunder, and same are overruled.

The judgment of the trial court is affirmed.