## ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited, v. THOMAS.

### No. 4274.

Court of Civil Appeals of Texas.

Jan. 25, 1945.

Rehearing Denied April 26, 1945.

Orgain, Carroll & Bell, of Beaumont, for appellant.

Howell & Howell, of Beaumont, for appellee.

MURRAY, Justice.

John E. Thomas, the appellee, recovered judgment in the district court of Jefferson County, Texas, against the appellant, the compensation insurance carrier of his employer, for $10 per week for 200 weeks. He sought and recovered judgment for a partial permanent loss of the use of his left leg. The case was tried before the court without a jury. Appellee in his pleading alleged that his average daily wage for a year preceding the date of the injury had been $17.87½, that $107.25 was the weekly wage actually earned by him prior to and at the time of his injury, and that he had sustained 74% permanent partial loss of the use of his left leg; that under the compensation act he had a compensation rate of $20 per week for the loss of the entire use of his left leg and by virtue of having sustained 74% permanent partial loss of the use thereof he was entitled to compensation at the rate of $14.80 per week for 200 weeks.

The appellant duly filed its application for the removal of the cause to the United States District Court on the ground that the suit involved a value and amount in excess of $3,000, exclusive of interest and costs, and alleged other facts in support of its contention that the cause was removable. The trial court overruled the petition for removal, appellant excepted, and on the trial before the court, upon a finding of fact that the appellee had suffered a

50% permanent partial loss of the use of his left' leg judgment was rendered for 200 weeks compensation at $10 per week. After its motion for new trial was overruled, appeal was duly perfected to this court. The only question presented for determination on appeal is whether the trial court observed the proper rule of computation of payments to be made for permanent partial loss of the use of a member.

 Appellant contends that the rate is to be determined by "taking the average weekly wage of the employee (here alleged to be $107.25) and multiplying that by 60%; and multiplying that result by 74% (the percentage of specific loss alleged) and multiplying that result by 200 weeks (compensation for permanent loss of the leg.) In this connection 60% of $107.25 would be $64.35, multiplying this by 74% and the result is $47.61. In such event, $20.00 being the maximum, then $20.00 would be the rate of compensation for the 74% loss of the leg. This multiplied by 200 would produce $4,000.00." In support of its contention, appellant cites and quotes from Texas Employers Insurance Ass'n v. Moreno, Tex.Com.App., 277 S.W. 84; Maryland Casualty Co. v. Ferguson, Tex. Civ.App., 252 S.W. 854; Lumbermen's Reciprocal Ass'n v. Pollard, Tex.Com.App., 10 S.W.2d 982; Fidelity Union Casualty Co. v. Munday et al., Tex.Com.App., 44 S.W.2d 926; Maryland Casualty Co. v. Donnelly, Tex.Civ.App., 50 S.W.2d 388.

This question has been passed upon adversely to the contention of the appellant in Western Indemnity Co. v. Milam, Tex. Civ.App., 230 S.W. 825, by this court, and also in the more recent case of Glenn v. Industrial Accident Board, 184 S.W.2d 302, by the Austin Court of Civil Appeals. We believe that the phrase in the last paragraph of Section 12 of Article 8306 of the Workmen's Compensation Law, which reads, "but not to exceed $20.00 per week," must be read as a part of such paragraph to mean that the 60% of the average weekly wages referred to must in no event be in excess of the maximum of $20 per week, as was held in the Western Indemnity Co. v. Milam, case cited above. We believe the trial court correctly computed the compensation payments of the appellee in this case, allowing $10 per week for 200 weeks, which was 50% of the maximum $20 per week.

 When this method of computation is followed, it is seen that the appellee's allegations in the present suit do not present a suit for an amount in excess of $3,-000. Appellee's allegations are that his actually earned wage was $107.25 per week; that 60% of this amount was in excess of the $20 per week maximum compensation rate; that he had suffered a 74% permanent partial loss of the use of his leg, that he was entitled to compensation at a rate of 74% of the $20 maximum, or $14.80 per week for 200 weeks, a total of $2,960. This amount being not in excess of $3,000, the trial court was correct in refusing to grant the application for removal to the United States District Court.

The judgment is affirmed.