MacKENZIE v. WESTERN INDEMNITY CO. (No. 773.)

(Court of Civil Appeals of Texas. Beaumont. March 8, 1922.)

Master and servant ⬅385(13)—Loss of fingers held not compensable as loss of hand.

A servant who lost two joints of each of three fingers and part of the first joint of the first finger was not entitled to compensation based upon the loss of the use of the hand, but only specific compensation for the loss of the fingers or portions thereof under the Workmen's Compensation Act, § 12 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—21).

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Suit by the Western Indemnity Company against Donald MacKenzie. Judgment for plaintiff, and defendant appeals. Affirmed.

C. W. Howth, of Beaumont, for appellant. Orgain & Carroll, of Beaumont, for appellee.

O'QUINN, J. This was a suit brought by the Western Indemnity Company against Donald MacKenzie, to set aside the final ruling and decision of the Industrial Accident Board rendered June 25, 1920, awarding appellant compensation at the rate of $15 per week for 10 weeks for total disability, and compensation at the rate of $9.88 per week for permanent partial disability for a period of 140 weeks. The case was tried before the court without a jury, and judgment rendered setting aside the decision and award of the Industrial Accident Board, and awarding to appellant judgment for $735, less the sum of $405 which had been paid to appellant by appellee prior to the award by said board, from which judgment appellant has brought this appeal.

The record discloses, and we find, that on September 8, 1919, and for some time prior thereto, appellant was employed by the Texas Machine Works, and on said date, and while in the course of his employment, he was injured by getting two joints of each of three fingers and about one-fourth of the first joint of the first finger of the left hand cut off; that appellant was at said time earning an average of $50 per week, and had so done for a long time prior thereto; that at said time the Texas Machine Works was a subscriber to the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), and carried a policy of insurance with appellee, the Western Indemnity Company, and that appellant was covered by said policy of insurance; that proper notice was given to all parties of the injury of appellant, and that the Industrial Accident Board made and entered an award in appellant's favor of $15 per week for 10 weeks as and for total incapacity of the left hand, being from September 16, 1919, to November 25, 1919, and compensation at the rate of $9.88 per week for 140 weeks, beginning from and on November 26, 1919, as and for permanent partial incapacity in the percentage of 40 per cent., as related to the loss of the use of a hand, and that prior to said award appellee had paid appellant the sum of $405.

It is agreed by the parties that the only issue to be determined herein is whether or not under the provisions of the Employers' Liability Act the appellant is entitled to compensation under said act, based upon the loss of the use of the hand, either total or partial, or whether it should be based upon the loss of the fingers.

Appellant testified as follows:

"On September 8, 1919, and for some time prior thereto, I was employed by the Texas Machine Works at Beaumont, Tex., and on said date, and while engaged in the course of my employment, I sustained injuries to my left hand, which injuries are as follows: Two joints of each of three fingers were cut off and about one-fourth of the first joint of the first finger, and in addition thereto the remaining portion of my left hand is still weak, as well as the elbow of my left arm. I was earning an average of $50 per week at the time, and for a long time prior thereto. My vocation is that of an iron foundry man, and my ability to work as an iron foundry man is totally and permanently destroyed, and my capacity to work in any other line is reduced 60 per cent. by reason of said injuries."

Article 5246—21, Vernon's Ann. Civ. St. Supp. 1918, provides that:

"For the injuries enumerated in the following schedule the employé shall receive in lieu of all other compensation, except medical aid, hospital service and medicine, as elsewhere herein provided, a weekly compensation equal to sixty per cent. of the average weekly wage of such employé, but not less than $5.00 per week, nor exceeding $15.00 per week for the respective periods stated herein, to wit."

And then follows the enumeration of injuries, together with the compensation allowed for each, which enumeration includes both the loss of figures or portions of fingers and the loss of a hand.

For the loss of a hand the employé is to receive 60 per cent. of his average weekly wage for 150 weeks. The Industrial Accident Board based their allowance of compensation on the loss of the use of a hand— 10 weeks for total incapacity, which evidently was for the period in which the cut fingers were healing, and appellant unable to use the hand, and allowed compensation for permanent partial incapacity for the remaining 140 weeks.

The whole hand was not lost. The palm, thumb, and first finger, except about one-fourth of the first joint, remain without direct injury other than appellant testified that it was still weak. Nor was the use of the hand entirely destroyed. The loss of any one finger would, to some extent, destroy the use of the hand, while the loss of several fingers would greatly destroy the use thereof. However, the law specifically provides for compensation for the loss of each finger or portion thereof, and this evidences the intention of the Legislature to distinguish in that particular between the loss of a hand, or the loss of the use of a hand as a whole, and injury to the hand by loss or partial loss of fingers, the other parts of the hand remaining intact, and its use not wholly lost. Considerable efficient service can be had from this hand, although it is seriously impaired. There was neither pleading nor proof that any injuries to the tendons, ligaments, or nerves of the hand or arm were suffered, nor that any physical ailment resulted from said injuries other than the severance of the fingers and consequent loss of them, except when testifying appellant said his left hand and arm were still weak. He did not complain at that time of inability

to use the remaining portion of his hand, or of any pain in its use.

We do not believe that compensation here can be based upon the loss of the use of the hand, but the case is ruled by that portion of article 5246—21 which provides for specific compensation for injuries to the hand by the loss of fingers or portions thereof. To do otherwise, we think, would be to ignore the plain provision of the statute.

The court having given appellant judgment for the full sums for the loss of the portions of the fingers shown to have been suffered, we think same is correct, and should be affirmed.

Affirmed.