**CONSOLIDATED UNDERWRITERS v. WILSON.**

No. 5167.

Court of Civil Appeals of Texas. Texarkana.

Nov. 25, 1937.

Rehearing Denied Dec. 16, 1937.

C. A. Lord, of Beaumont, for appellant.

C. J. Shaeffer, Geo. W. McHam, and Roy W. McDonald, all of Dallas, for appellee.

HALL, Justice.

This suit was brought by appellee to set aside an award of the Industrial Accident Board. Appellee alleged that on October 27, 1934, while employed by the Hendrick-Camp Drilling Company, Inc., and in the course of said employment, he sustained serious and permanent personal injuries. In describing his injuries he alleged that: "* * * At the time of the accident, the crew was putting the drill pipe back into the hole. The slips failed to hold, causing the elevators to drop down catching my second finger on right hand between the elevator and rotary table, severing the finger about the middle. The balance of the plaintiff's finger was severely crushed and injured. The sudden jerk or fall of the elevator severely wrenched, jerked, strained and shocked the muscles, ligaments, tendons of the plaintiff's right hand and arm; that the bones of his right hand and arm were severely injured; that an infectious condition naturally resulted from said injury or personal injury causing severe inflammation of the tissues, bones, nerves, blood vessels of the plaintiff's right hand and arm; that the nerves of the severed finger have been caught in the scar tissues; that one of the wrist bones of the palmar surface has been torn away and displaced about one-half inch out of its normal position; that there is a fracture in the distal end of the first phalanx of the second finger and that there remains a fragmented condition of the bones; that there is limited motion of the hand, wrist and arm; that due to pain the plaintiff has as a direct and proximate result of the accident pain which extends from his hand to his arm and shoulders and into his body generally. * * *"

Appellant answered by general demurrer and general denial, and that it had paid to appellee $207.72 for which it was "entitled to have judgment accordingly." Trial was to a jury on special issues, upon the answers to which judgment was rendered for appellee for total loss of the use of his right hand for a period of 72 weeks and for 50 per cent. partial loss of the use of said hand for 78 weeks. From this judgment appellant has appealed to this court.

The contention of appellant throughout the trial, and now is, that appellee sustain-

ed only a specific injury to the middle finger of his right hand for which article 8306, § 12, R.C.S., makes special provision. And it seeks a reversal of the judgment of the lower court and a rendition of judgment here for loss of the middle finger only, less the amount of money heretofore paid appellee by it.

■ Special issues were submitted to the jury respecting an injury to appellee's right hand. The jury's answers to these issues were to the effect that the injury to appellee's right hand resulted in total loss of the use of same for a period of 72 weeks and that following such total incapacity he would suffer 50 per cent. partial loss of the use of his hand permanently. The jury in answer to special issue No. 19 found that the loss of the use of appellee's right hand was not confined to the middle finger thereof, and in answer to special issue No. 20 found that the loss of the use of appellee's right hand "results solely from the loss of the middle finger." Reduced, the jury's findings are: The total loss of the use of the right hand of appellee for a period of 72 weeks, followed by 50 per cent. partial loss of same permanently, which loss of use is not confined to the middle finger but results solely from the loss of the middle finger. These findings in nowise conflict and, when taken together, mean simply that by the loss of the middle finger the use of appellant's hand has been impaired permanently, part of the time totally. Undoubtedly this is true, but, if the loss of the use of the hand results "solely from the loss of the middle finger" as found by the jury, then there could be no other cause for the loss of the use of or inconvenience to his hand, and the liability of appellant is fixed by article 8506, § 12, of the Compensation Law. The word "solely" has a definite meaning. It is defined by the Century Dictionary as: "Singly; alone; only; without another." It is said in Texas Employers' Ins. Ass'n v. Whiteside, Tex.Civ. App., 77 S.W.2d 767, 769, by the Eastland court: "Each injury involved is an injury to a specific member under section 12, art. 8306, R.S.1925. If there was impairment of the use of the foot, other than that merely resulting to it from the loss of the toe, there would be liability supporting recovery in proportion to such impairment of the use of the foot, *but, if the foot was not impaired except as it was affected by the loss of the toe, there would be no recovery for foot impairment.* In the latter case,

there would be liability for loss of the toe, but there could be no recovery at the same time for the impairment of the use of the foot. Under such circumstances involving the foot and the great toe thereof, the two injuries could not be combined and double recovery made for the same. Lumbermen's Reciprocal Ass'n v. Pollard, Tex. Com.App., 10 S.W.2d 982; Texas Employers' Ins. Ass'n v. Moreno, Tex.Com.App., 277 S.W. 84; Ætna Life Ins. Co. v. Rodriguez, Tex.Civ.App., 255 S.W. 446." (Italics ours)

In Texas Employers' Ins. Ass'n v. Pearson, Tex.Civ.App., 67 S.W.2d 630, 632, by the Amarillo court, writ dismissed, it is said:

"[3] The defendant requested the court by its fifth special issue to submit to the jury the following questions:

" '(a) Does the plaintiff have any disability in his left hand?

" 'If you have answered the foregoing question in the negative, then you need not answer the next question, otherwise you will answer the following:

" '(b) Does all such disability result from impaired use, of any one or some one or more of the plaintiff's fingers on his left hand?'

"By its pleadings the defendant charged that the plaintiff had no substantial impairment of the use of his left hand, or at least that such disability consisted merely of impaired use of some one or more of plaintiff's fingers on his left hand. * * *

"Since the requested issue was raised both by the pleadings and the evidence, the error of the court in refusing the requested charge will require a reversal."

To the same effect is MacKenzie v. Western Indemnity Co., Tex.Civ.App., 239 S.W. 317, by the Beaumont court.

■■ We do not mean to hold that an injury to a specific member cannot involve the body or other members thereof, or injure the general health of the employee so as to warrant more liberal compensation than for the loss of the specific member. We fully realize that such can be the case when the pleadings and proof justify it and the jury so finds. Petroleum Casualty Co. v. Seale, Tex.Com.App., 13 S.W.2d 364; Standard Accident Ins. Co. v. Williams, Tex.Com.App., 14 S.W.2d 1015; Texas Employers' Ins. Ass'n v. Neatherlin, Tex.Com.App., 48 S.W.2d 967; Associated Employers' Reciprocal v. Brown, Tex.Civ.

App., 56 S.W.2d 483, writ dismissed. In the case at bar the pleadings of appellees and the evidence in support thereof are sufficient to support a finding by the jury that the injury to appellee's hand was not caused solely by the loss of the middle finger but also by infection and destruction and tearing of the ligaments of the hand as well. This the jury did not do. On the contrary, they found that the loss of the use of appellee's right hand "resulted solely from the loss of the middle finger," and this finding has ample support in the evidence. This forces us to the conclusion that appellee's right of recovery and appellant's liability are fixed by section 12, art. 8306, R. S.1925. This conclusion renders unnecessary a discussion of the other assignments brought forward.

Therefore, the judgment of the lower court is reformed so as to allow appellee a recovery of 60 per cent of his average weekly wages, found by the jury to be $18, for a period of 30 weeks, amounting to $540, less the sum of $207.72 paid by appellant. Costs of the lower court are taxed against appellant, and costs of this appeal are taxed against appellee. As reformed, the judgment of the lower court is affirmed.