Lincoln B. STAHL, Appellant,

v.

FIREMEN'S FUND INDEMNITY COMPANY, Appellee.

No. 3404.

Court of Civil Appeals of Texas.

Waco.

Nov. 8, 1956.

Rehearing Denied Nov. 28, 1956.

Putman & Putman, San Antonio, for appellant.

Carl Wright Johnson, Alfred W. Offer, San Antonio, for appellee.

McDONALD, Chief Justice.

This is a Workmen's Compensation case. Parties will be referred to as in the Trial Court. Plaintiff Stahl, an employee of Lone Star Brewing Company, received an injury to the right third finger while cutting the top off a case of beer. Defendant Firemen's Fund Indemnity Company is the insurance carrier. Plaintiff brought this suit against the defendant insurance carrier alleging injury to his finger by a protruding piece of glass while cutting the top off a case of beer; alleged that he had lost the use of the third finger of his right hand; and sought judgment for $525.

Trial was to a jury. The jury found that the injury was not a producing cause of any loss of use of the finger. Upon this finding the court entered judgment that plaintiff take nothing. Plaintiff appeals, contending that there is no evidence to support the jury's finding; that the evidence was insufficient to support the jury's finding; and that the jury's finding was so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust.

This case involves a specific injury to the right third finger of plaintiff. Plaintiff alleged that as a result of his injury he lost the use of the third right finger, and prayed for $525, the statutory compensation for total permanent loss of use of the third finger. The jury answered Special Issue No. 1 as follows:

"Special Issue 1: Do you find from a preponderance of the evidence that such injury, if any, sustained by Lincoln B. Stahl on April 23, 1955, was a producing cause of any loss of use to the right third finger of the plaintiff Lincoln B. Stahl? Answer Yes or No.

*We, the jury, answer: No."*

Other issues as to whether such loss of use, if any, was "Total or Partial", and "Permanent or Temporary" were submitted conditional on an affirmative answer to Issue 1 and were not answered by the jury.

Plaintiff contends that the jury's answer to Issue 1 is supported by no evidence; by insufficient evidence; and/or that the answer is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust; and asks for a reversal and remand of the case for such reasons.

A careful review of the Statement of Facts in this case reflects that seven witnesses testified, including the plaintiff.

The plaintiff testified as to his injury; when and how it happened. He told of going to the doctor; how the doctor probed

the wound. He said the wound took close to a month to heal; that he used a finger guard; that the finger was painful; that he could not use his finger; that he made a number of trips to the doctor for treatment of the finger. The second witness, Goertz, testified he worked with plaintiff and heard him complain many times of pain in his finger. The third witness, Hubbard, who is Director of Personnel and Safety for Lone Star Brewery, testified that plaintiff told him he had not lost full use of his finger and that he saw plaintiff wiggle the finger; that he did not say plaintiff did not have anything wrong with his finger; that he was aware that defendant insurance carrier had paid plaintiff $25 compensation as a result of the injury. The fourth witness was Dr. Charles W. Johnson, the doctor who treated plaintiff's injury. Dr. Johnson was called as a witness by the defendant. Dr. Johnson testified that he treated plaintiff some 11 or 12 times and discharged him to go back to work; *that plaintiff would have approximately 10% temporary disability of his right third finger;* that he believed plaintiff suffered pain; that plaintiff's wound healed in two weeks; that he had X-rayed the wound; probed the wound; made a cross cut incision on the finger; sutured the wound; removed the stitches after a week; that the wound produced a discharge; that there could still be a piece of glass in the wound; that he noted on his record the possibility that future trouble may exist; that he advised the plaintiff of the possibility of future trouble; *that based upon reasonable medical certainty plaintiff has a 10% disability in his right third finger.* The fifth witness, Wiggins, testified as to the plaintiff's wages. The sixth witness, Haegelin, Superintendent of the Shipping Department of Lone Star Brewery, testified that plaintiff's work was satisfactory; that he knew of plaintiff's injury; but didn't remember much about it. The seventh and last witness, Neslony, testified he worked with plaintiff, was an eye witness to plaintiff's injury; went with plaintiff to the doctor; saw the doctor examine and treat plaintiff's injury; that plaintiff after the injury always held the hurt finger out when handling beer cases; that plaintiff often complained to him about his finger bothering him.

We find no evidence in the record that plaintiff suffered no loss of use of his finger. From a thorough and careful review of the Statement of Facts we conclude that the evidence is definitely insufficient to support the jury's finding in answer to Special Issue No. 1. It seems to us that *all* of the evidence is to the effect that plaintiff suffered *some* degree of loss of use of his finger for *some* period of time. For this reason we further conclude that the jury's finding was so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust.

Defendant makes much of the fact that plaintiff missed very little time from his work, and that he is making more money now than before his injury. This avails defendant nothing since plaintiff's injuries were specific and it is immaterial the extent to which they cause a diminution of his capacity to labor. And in case of a specific injury the workman is entitled to recover the amount provided by law even though his capacity to labor has not been injuriously affected. See: Travelers Ins. Co. v. Davis, Tex.Civ.App., 191 S.W.2d 880; Texas Employers Ins. Ass'n v. Thrash, 136 S.W.2d 905 (writ dis. judg. correct).

It follows that the judgment based on the jury's finding cannot be sustained. The judgment of the Trial Court is therefore Reversed and the cause is Remanded for another trial.

Reversed and remanded.

HALE, J., not participating.