Arlin PRESTON, Appellant,

v.

TRADERS & GENERAL INSURANCE COMPANY, Appellee.

No. 7005.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 21, 1958.

Rehearing Denied Feb. 18, 1958.

Ernest L. Sample, Beaumont, for appellant.

Gullett & Gullett, Denison, for appellee.

FANNING, Justice.

This is a workmen's compensation insurance case. Appellant, Arlin Preston, contended, among other contentions, that he received a *hand* injury on March 2, 1956, when a fellow employee struck his *hand* with a sledge hammer. Appellee in its pleadings admitted insurance coverage, and among other things, pleaded as follows:

"II

"Defendant says that it is true that on or about the 2nd day of March 1956

the said Arlin Preston was employed by the Process Engineering Company, Inc., in Grayson County, Texas, and that while acting within the scope of his employment with such company he did receive an injury to the fourth finger on his right hand, and it was necessary that part of such finger be amputated.

" *   *   *   *   *   *

"IV

"This defendant, Traders & General Insurance Company, commencing on the very day of the injury to the said Arlin Preston, recognized its responsibility to the said Arlin Preston and paid him for the complete loss of the fourth or little finger on his right hand in keeping with the Employers' Liability Act of the State of Texas.

"V

"Defendant shows to the Court that said Arlin Preston received a specific injury on the occasion in question and that his recovery is limited *solely to the loss of the use of the fourth finger on his right hand* for which he has heretofore been fully and finally compensated as provided by law and that this defendant owes him nothing.

"VI

"All other matters alleged in Plaintiff's Petition, not herein admitted, are in all things denied.

"VII

"Subject to the foregoing, the defendant, Traders & General Insurance Company says that if the plaintiff is suffering from any *disability* whatsoever save and except *the loss of the fourth finger on his right hand,* which is not admitted but specially denied, then that such *disability* is solely due to diseases, natural causes, and prior injuries, wholly disassociated with the alleged injuries forming the basis of this suit." (Emphasis ours.)

■ The cause was tried to a jury. The jury found in response to the special issues submitted: (1) That appellant's injury on March 2, 1956, did not result in any *total incapacity to his right hand;* (5) that such injury resulted or "will result" in *partial incapacity to plaintiff's right hand;* (6) which would begin on or about June 16, 1956; (7) that after said preceding date the *partial incapacity to plaintiff's right hand* would be permanent; (8) that the percentage of such *incapacity to plaintiff's right hand* had been or would be 25%; (9) that the injury in question was a producing cause of such *partial incapacity to plaintiff's right hand.*

Special Issue No. 10 and the answer thereto were as follows:

"Do you find from a preponderance of the evidence that the *incapacity to work,* if any, of the plaintiff Arlin Preston is due solely to the injury to and the loss of the use of the fourth finger on his right hand? Answer yes or no.

"Answer: Yes." (Emphasis ours.)

The jury answered the wage rate issues submitted. These findings are sufficient to establish the sum of $112.50 as an average weekly wage rate of plaintiff under Subsec. 3, Sec. 1, Art. 8309, Vernon's Ann.Civ.St., which would be just and fair to both parties.

Plaintiff filed a motion for judgment for compensation for 25% partial permanent incapacity to his right hand, at the wage rate found by the jury, which was overruled by the trial court. Defendant filed motion for judgment in its favor. The trial court found that defendant had paid $375 (15 weeks' compensation) to plaintiff for the loss of the use of the fourth finger of plaintiff's right hand, and rendered a take-nothing judgment against the plaintiff. Plaintiff's amended motion for new trial was overruled and he has appealed.

Appellant contends that the trial court erred in overruling his motion for judgment.

Plaintiff pleaded and proved a *hand* injury. Defendant by its pleadings and proof sought to confine plaintiff's injury and disability to the fourth finger of plaintiff's right hand. We have carefully reviewed the evidence and find that it is amply sufficient to sustain the jury's findings to Special Issues Nos. 1, 5, 6, 7, 8 and 9. Under these findings the plaintiff would be entitled to a judgment for compensation for 25% permanent partial incapacity to his right hand in the statutory manner based upon the average weekly wage rate found by the jury beginning from the date of such incapacity as found by the jury.

Special Issues Nos. 1, 5, 6, 7, 8 and 9 relate to the *incapacity to plaintiff's right hand.* Special Issue No. 10 inquires as to whether *the incapacity to work,* if any, of the plaintiff, was due solely to the injury to, and the loss of the use of the fourth finger on plaintiff's right hand.

It must be borne in mind that plaintiff's injury to his hand was a specific and not a general injury. No issues with respect to general injuries were submitted to the jury.

Article 8306, Sec. 12, V.A.C.S., provides in part as follows:

"For the injuries enumerated in the following schedule the employee shall receive *in lieu of* all other compensation except medical aid, hospital services and medicines as elsewhere herein provided, a weekly compensation equal to sixty per cent (60%) of the average weekly wages of such employee, but not less than Nine Dollars ($9) per week nor exceeding Twenty-five Dollars ($25) per week, for the respective periods stated herein, to wit: * * *

"For the loss of a hand, sixty per cent (60%) of the average weekly wage during one hundred and fifty (150) weeks. * * *

"In the foregoing enumerated cases of permanent, partial incapacity, it shall be considered that the *permanent loss of the use of a member* shall be equivalent to and draw the same compensation as the loss of that member." (Emphasis ours.)

It was held by the Commission of Appeals in Fidelity Union Casualty Co. v. Munday, Tex.Com.App., 44 S.W.2d 926, 928, that a permanent partial loss of the use of a hand was compensable under the above section of the Workmen's Compensation Law as for loss of a hand with payment of compensation required to be made in proportion to the permanent loss of its use. The court in this case, pointing to the statutory provision for scheduled compensation for specific injuries "in lieu of all other compensation except * * *", specifically held that in order to recover for incapacity to the hand that it was not essential to allege or prove *"incapacity to work."*

In Texas Employers' Ins. Ass'n v. Neely, Tex.Civ.App., 189 S.W.2d 626, 630 (dealing with specific injuries), the court stated: *"The schedule of payments controls regardless of the effect of the injury on the capacity for work."*

In Texas Employers' Ins. Ass'n. v. Thrash, Tex.Civ.App., 136 S.W.2d 905, 907, er. dism. judgm. cor., it is stated:

*"If plaintiff's injuries were specific it is immaterial the extent to which they caused a diminution of his capacity to labor. In case of a specific injury the workman is entitled to recover the amount provided by law even though his incapacity to labor has not been injuriously affected; * * *"*

We hold that it was unnecessary for plaintiff to prove any "incapacity to work" to recover for a specific injury, the partial permanent loss of use of his right hand. In addition to the above authorities see Federal Surety Co. v. Pitts, Tex.Com.App., opinion adopted, 119 Tex. 330, 29 S.W.2d 1046.

Under the above authorities we hold that Special Issue No. 10, dealing with "incapacity to work" was an immaterial issue in so far as the case at bar was concerned.

■ The burden was on appellee under Rule 279, Texas Rules of Civil Procedure to secure the submission of a proper issue in substantially correct wording upon the affirmative defense pleaded by it. This it did not do. In this connection, see defendant's specially requested issue No. 2, in the case of Texas Employers' Ins. Ass'n v. Brownlee, 152 Tex. 247, 256 S.W.2d 76, 77, which special issue reads as follows:

"Do you find, from a preponderance of the evidence, that the incapacity, if any, to the right hand of plaintiff was not caused solely by the partial loss of the second and third fingers of his right hand? Answer: 'Yes' or 'No.'"

Also in this connection, see the case of Consolidated Underwriters v. Wilson, Tex.Civ. App., 111 S.W.2d 865, 866, wr. ref., n. r. e., where the jury found in answer to Special Issue 20 thereof, that the *"loss of the use"* of the appellee's right hand "results solely from the loss of the middle finger." Also in this connection see Special Issue No. 33, in the case of American General Ins. Co. v. Beare, Tex.Civ.App., 225 S.W.2d 454, 455, wr. ref., n. r. e., which issue reads as follows:

"Do you find from a preponderance of the evidence that the loss of the use of the hand resulted solely from the loss of the use of the index finger?"

Also in this connection, see defendant's special requested issue No. 5 in the case of Texas Employers' Ins. Ass'n v. Pearson, Tex.Civ.App., 67 S.W.2d 630, 632, er. dism., which issue and explanatory instructions read as follows:

"(a) Does the plaintiff have any disability in his left hand?

"If you have answered the foregoing question in the negative, then you need not answer the next question, otherwise you will answer the following:

"(b) Does all such disability result from impaired use, of any one or some one or more of the plaintiff's fingers on his left hand?"

In Little Rock Furn. Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 991, it is stated:

"We believe that the cited cases correctly hold that it is incumbent on a party asserting an affirmative defense to see that the jury answers all essential elements of the defense in his favor, or to object to the submission of the case to the jury in such manner that an answer on an essential element will be prevented."

Appellee did not object to the submission of Special Issue No. 10. Appellee also did not request a correct or substantially correct affirmative defensive issue, inquiring as to whether the incapacity, if any, to plaintiff's right hand (or the loss of the use, if any, of plaintiff's right hand or the disability, if any, to plaintiff's right hand), was due solely to the injury to and the loss of the use of the fourth finger of plaintiff's right hand. Special Issue No. 10, inquiring as to whether the "incapacity to work," if any, of the plaintiff was due solely to the *injury to and loss of the use of the fourth finger of his right hand*, was clearly an immaterial issue under this record. It follows that the jury's answer to this immaterial issue can afford no relief to appellee

The judgment of the trial court is reversed and judgment is here rendered that the appellant recover of appellee judgment for compensation for 25% permanent partial incapacity to the right hand in the statutory manner based upon the average weekly wage rate found by the jury, beginning at the time found by the jury, with statutory interest on past due installments of compensation.

Reversed and rendered.