Robert CHOATE, Appellant,

v.

AMERICAN MOTORIST INSURANCE COMPANY, Appellee.

No. 6263.

Court of Civil Appeals of Texas.

Beaumont.

March 26, 1959.

Rehearing Denied April 15, 1959.

Stephenson & Stephenson, Orange, for appellant.

Keith, Mehaffy, McNicholas & Weber, Dewey J. Gonsoulin, Beaumont, for appellee.

McNEILL, Justice:

This is a Workmen's Compensation case and is the outgrowth of an injury to his left leg sustained on October 17, 1957, while appellant was working in the Magnolia Refinery of Beaumont as a boilermaker for C. F. Braun & Company. The injury was sustained when appellant was operating a grinding machine and the grinder broke. Some of the pieces of the grinder thereupon striking his left knee caused a cut or two in his leg just below the knee. His injury was treated by a Beaumont physician; he missed one day from work and then returned to lighter work. He testified that he was put to doing such things as cleaning bolts and bolting material together. He testified that on account of his injury his left leg was weaker and that he could not use it in climbing and it hurts when he tries to kneel, and while his leg hurts when he stands on it long, he has to work out of necessity.

The trial was to a jury which returned a verdict of 20 percent disability to appellant's left leg for 61 weeks. Judgment was rendered thereon for appellant, from which he appeals.

Appellant's first point asserts that the trial court erred in allowing proof of appellant's earnings before and after his injury, this being a specific injury case his earnings after injury are immaterial. Upon the trial appellee offered evidence as to appellant's earnings and wages, both before and after the accident, contending that they were admissible to show the extent of loss of use of his leg. Appellant objected, urging that since the parties had agreed on appellant's wage rate, what his earnings were was immaterial, but the evidence was admitted. It was shown that his employer, C. F. Braun & Company, paid him the same wages after the accident as he was earning before; that the job ended the last of 1957 and he went to work the 1st of the year 1958, for another employer as a boilermaker and was paid the same wages as he

had been paid by Braun & Company. While the record shows that appellant did no climbing, as is usually required of boilermakers, since the injury, yet he did use his leg to some extent in doing the lighter work he was put to.

■■■ We do not believe the court erred in admitting this testimony. While this is a specific injury case under Vernon's Ann. Civ.St. Sec. 12 of Article 8306, as amended, it is not one to recover for the loss of a leg. The loss of a member is usually a simple thing to prove. It is severed from the body and is plain to see. It is another thing though, where loss of use is involved. Proof of such loss of use, either total or partial, of a member is usually much more involved. It is not necessary, to recover for loss of use, total or partial, of a member that it be shown that the loss, to any extent, of a member was loss for purposes of work. Stahl v. Firemen's Fund Ind. Co., Tex.Civ. App., 295 S.W.2d 473. Loss of use is loss of physical function, but many times in proving such loss or lack of loss, ability to use such member for purposes of work is admissible to show extent of loss of overall use. Loss of function or use of the member includes loss of such member for purposes of work. Traders & General Ins. Co. v. Maxwell, Tex.Civ.App., 142 S.W.2d 685 (689); Texas Employers Ins. Ass'n v. Lane, Tex.Civ.App., 251 S.W.2d 181. In order to show loss of use for purposes of work the workman may show, among other things, that the member is not as efficient in doing the task required after the injury as before, or he may show that he has been put to lighter or different work by his employer. He may also show that while his wages afterwards is the same as before, his employer pays the same since he has been a faithful employee, or pays the wages as a gratuity. He may also show as bearing upon the extent of use of the member injured that he has been paid less wages since the injury, for it is common knowledge that employers usually pay employees wages in keeping with their capacity to work. This court in Dohman v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 285 S.W. 848, 850, quoted pertinent language from Stoica v. Swift & Co., 100 Neb. 434, 160 N.W. 964, as follows: "It is a matter of common knowledge, of which * * * we may take judicial notice, that, other things being equal, the men without physical defects will find employment more readily than a man who is physically unsound. If his ability to obtain employment in any of the great industrial enterprises of the country is impaired, it necessarily follows that he will be compelled to find employment in the less desirable occupations and at a less remunerative wage."

Likewise, in order to show no loss of use or lesser loss of use than the employee is claiming, the insurance carrier may show the reverse of the illustrations pointed out above.

The court's charge excluded from the consideration of the jury all testimony as to money appellant had earned since the accident in the following words: "You are instructed that the fact that the plaintiff has earned money since the accident is not to be given any consideration by you in this case."

■■ This is further than the court was required to go. In Texas Employers Ins. Ass'n v. Brownlee, 152 Tex. 247, 256 S.W. 2d 76, the partial loss of use of the claimant's right hand was involved. In summarizing his testimony, the court included the fact that he was receiving the same wages as before the injury. However, the fact that an employee is receiving the same or even more wages after the accident is not conclusive on the issue of his incapacity to perform labor, but is evidentiary only. Traders & General Ins. Co. v. Vaughn, Tex. Civ.App., 317 S.W.2d 800(4). This was a general injury case. But the rule is the same in a specific injury case involving partial loss of use. Dohman v. Texas Employers Ins. Ass'n, supra; Texas General

Indemnity Co. v. Mannhalter, Tex.Civ.App., 290 S.W.2d 360(3).

■ There is language in some of the later cases which assert that in specific injury cases incapacity to work is immaterial. Such is the holding in Preston v. Traders & General Ins. Co., Tex.Civ.App., 309 S.W. 2d 872. There claimant lost by amputation a part of his 4th finger and he asserted that he sustained a partial loss of use of the hand. The carrier pleaded that he was limited solely to loss of the use of the 4th finger, but the issue on this was the "incapacity to work", if any, due solely to the injury. The appellate court held this issue was immaterial; the issue should have inquired whether the "loss of the use" of the hand resulted solely from loss of use of the finger. We agree, as the issue submitted by the trial court was not an ultimate issue. But it cannot be said in the broader sense that loss of capacity to perform his work as the result of a specific injury is not an item for the jury to consider in passing upon "loss of use" of the member. The item of work is one of the functions directly affecting certain members of a person's body, and in considering the extent of a member's loss after injury, it is pertinent to inquire as to interference with work performed.

There is strong language in Stahl v. Firemen's Fund Ind. Co., Tex.Civ.App., 295 S. W.2d 473, which appellant cites, to the effect that although very little time was lost by the employee and that he was making more money than before his injury, this avails the insurance carrier nothing since the employee's injury was a specific one, and it was immaterial the extent to which they show a diminution of his capacity to labor. The jury found that the employee had not lost any use of his finger on account of the injury in face of the strong testimony to the contrary, including his handicap to use his finger in handling beer cartons. Medical testimony gave him ten percent temporary disability to his finger.

On this testimony, the appellate court held that the verdict of no loss was against the great weight of the evidence and reversed and remanded the case for another trial. While "incapacity to work" as a legal term is immaterial, a loss of use of member for work is material.

■ Although the court in the present case instructed the jury to not consider any testimony as to earnings after appellant's accident, it appears on the hearing on his motion for new trial the point was urged that the jury did consider the wages he was paid since his injury. The trial court heard testimony, some of which was to the effect that some of the jurors did discuss appellant's post-injury earnings, while others testified they did not. The court found on the basis of the testimony presented at such hearing that the motion should be overruled. Appellant requested no findings of fact, and since there was testimony both ways, the trial court's decision is binding upon us. Furthermore, appellant has failed to present any points in his brief raising the issue of jury misconduct, as should have been done.

■ Under appellant's second point he urges that the trial court committed error in failing to grant his motion instructing the jury that it could consider work done by appellant after the injury only if the work he was then doing required the use of his leg, and if his work did require the use of his leg, its bearing upon the percentage of loss of use of the leg and for no other reason. Since the record does not indicate that this motion was called to the court's attention and acted upon by it, the point presents no error. Goss v. Pilgrim, 28 Tex. 263, 266; Sloan v. Thompson, 4 Tex.Civ.App. 419, 23 S.W. 613. Moreover, the court's charge included the substance of this motion.

■ Appellant's third point urges that the trial court committed error in allowing appellee's counsel in the argument to the jury to criticize appellant for employing his attorney only nine days after the accident

and in making certain unwarranted inferences that appellant's attorney had instructed his client as to complaints his client should make in reference to his accident. While paragraph 3 of appellant's amended motion for new trial alleges these complaints, yet neither in the statement of facts nor in any bill of exception are any such statements preserved, nor is there any action of the court shown thereon. This point fails to show error.

Appellant's fourth point urges that the trial court erred in allowing appellee's counsel to argue to the jury that appellant had used his leg in his work after the injury, since there was no evidence to support this argument. Paragraph 4 of appellant's amended motion for new trial alleges that such argument was made. However, there is nothing to this effect in the statement of facts nor in any bill of exception, nor any action of the trial court thereon, and the point therefore is without merit. Hayter Lumber Co. v. Winder, 295 S.W.2d 730, by this court.

The trial court's judgment is affirmed.