**Jessie GUERRA, Appellant,**

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.**

No. 13714.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 15, 1961.

Butler, Williams & Stone, Utter & Chase, Corpus Christi, for appellant.

Lewright, Dyer & Redford, Corpus Christi, for appellee.

BARROW, Justice.

This is a workmen's compensation case. Claimant sued for total and permanent disability under the workmen's compensation laws. The trial court entered judgment on the jury verdict, awarding twelve weeks and two days partial disability, together with $204.80 medical expense. Claimant has appealed.

Appellant's first contention is that the trial court erred in receiving an entering the verdict of the jury in answer to Special Issue Number 6, finding his disability to be "temporary", and in entering judgment on

that verdict, (1) for the reason that said answer is against the overwhelming weight and preponderance of the evidence; (2) for the reason that there was no evidence to support the same; and (3) that there was insufficient evidence to support the same. We overrule all three contentions.

Appellant, Guerra, on October 6, 1959, while engaged in the course of his employment with Campbell Steel Company, suffered a back injury. On October 16, 1959, Dr. Herbert V. Burns, a neurosurgeon, performed an operation to correct a condition caused by the rupture of the fifth lumbar intervertebral disc. Appellant went back to work on January 12, 1960, and under Dr. Burns' instructions, he was first placed on light duty and gradually placed on heavy duty. He worked continuously for Campbell Steel Company, from January 12, 1960, until sometime in August, 1960. During that time Dr. Burns examined him at regular intervals until he released him in the latter part of August, 1960. During that time his average earnings were substantially the same as his average weekly wages at the time of the accident. It is not disputed that appellant quit the job voluntarily and was not discharged. Four employees of Campbell Steel Company under whom and with whom he worked, testified that he did his work satisfactorily, was apparently putting out as much work as the rest of the men, that he never complained about overtime work, and at least on one occasion asked for overtime work after his return to heavy duty. His work was a helper to a dragline operator and required him to climb, lift and bend and have considerable bodily agility. He did all those things well and did not appear to be working under physical pain. His supervisor testified that he could have his job back, at the time of the trial, if he wished.

The record further shows that after he was released by Dr. Burns he went to Dr. James C. Sharp of Corpus Christi, who performed a myelogram examination on appellant's back; that the examination showed normal, and the doctor saw appellant some thirty-five or forty times. Dr. Sharp testified that he was examining physician for several large industrial companies in the Corpus Christi area, and that if appellant was referred to him for examination he would not advise his employment. Dr. George B. Barnes, an orthopedic surgeon, also testified as appellant's witness. His testimony is quite lengthy and detailed. There is no answer as to whether or not the type of work appellant was doing was compatible with his physical condition. The Doctor stated that his physical findings were rather slight, but on the basis of his examination he would have returned appellant to work, but would have kept him under strict observation. He further testified that he did not know appellant's work record after he returned to work, and that such record would be important to his opinion.

The substance of appellant's testimony is that he went back to work on January 12, 1960, because of necessity; that he was not physically able to do so; that he worked constantly under pain and suffering; that he complained of pain and suffering to his fellow workmen and supervisors, that he was suffering pain and discomfort at the time he testified; that he could not do the heavy work required of him without pain.

All the doctors testified that appellant was emotionally agitated. Dr. Sharp said he was almost psychotic; many of his complaints could not be accounted for on a physical basis. Dr. Barnes testified that many of his symptoms were on an emotional basis. Dr. Burns said that he had multiple complaints that could not be correlated to the disc injury per se.

We think it is fair to say that from the testimony of appellant and his witnesses, Dr. Sharp and Dr. Barnes, if such testimony is viewed in the light most favorable, the jury might have found that appellant's partial disability is permanent; on the other hand, from the testimony of appellee, the four lay witnesses who worked

with appellant, and Dr. Burns, who performed the operation and treated appellant and examined him as late as a month before the trial, aided to some degree by the testimony of both Dr. Sharp and Dr. Barnes, the jury was well justified in finding that appellant's partial disability did not extend beyond 12 weeks and 2 days, after the 16 weeks of total disability after October 6, 1959, which the parties stipulated and for which he was paid.

In our consideration of the above complaints we have been governed by the rules applicable thereto as laid down by the Supreme Court In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. We have carefully examined and considered the record as a whole and have concluded that the jury's finding is supported by evidence in the record. Moreover, considering the whole record, we have reached the conclusion that the finding of the jury is not so against the overwhelming preponderance of the evidence as to be clearly wrong or unjust.

Appellant's argument seemingly is that since the evidence shows a permanent damage to the physical structure of the body it must necessarily follow that he has a permanent partial disability within the meaning of the workmen's compensation laws. We do not agree. It is well settled that partial disability within such laws means that an employee, by reason of injury sustained in the course of his employment, is only able to perform part of the usual tasks of a workman, but, nevertheless, is able to procure and retain employment reasonably suitable to his physical condition and ability to work, or is only able to perform labor of a less remunerative class than he performed prior to his injury, whereby he suffers a depression or reduction in his earning capacity. Southern Underwriters v. Schoolcraft, 138 Tex. 323, 158 S.W.2d 991; Traders & General Ins. Co. v. Wright, Tex.Civ.App., 95 S.W.2d 753, affirmed 132 Tex. 172, 123 S.W.2d 314; Texas Emp. Ins. Ass'n v. Vineyard, Tex

Civ.App., 316 S.W.2d 156. We conclude, from a preponderance of the evidence, that appellant has sustained no permanent partial disability.

By his fourth and last point, appellant contends that the court erred "in permitting counsel for Appellee to cross examine Appellant about the length of time he was off work with a previous injury and the nature of his complaints from said previous injury, without connecting up said previous injury to the disability involved in the instant case." Appellant's contention must be overruled for these reasons: (1) The record shows that previous injuries were not gone into until appellant on examination by his counsel testified regarding several previous injuries which had nothing to do with the instant case. Under the circumstances, appellee had the right to cross-examine appellant on the same matters. If it was error to go into these matters the error was invited. (2) When appellee's counsel, on cross-examination, first asked about one of the previous injuries, upon appellant's objection, the court ruled in effect that appellant's first bringing up the matter led to the cross-examination. Thereafter, appellant was cross-examined for some two and one-half pages of the Q and A, without further objection, and as appellant made no general objection to examination on the subject matter, the objection was waived. (3) It is apparent that the tenor of the direct examination was to show that appellant was quite generous and forebearing toward his employers with reference to his injuries, whereas, the tenor of the cross-examination was to show that he was not quite so generous. At any rate, it was shown that appellant made no claim for compensation and was paid none. The error, if any was committed, was harmless. Rule 434, Texas Rules of Civil Procedure. The case of Brinkley v. Liberty Mutual Insurance Company, Tex.Civ.App., 331 S.W.2d 423, is clearly distinguishable.

The judgment is affirmed.