**Santiago GUZMAN, Appellant,**

v.

**PHOENIX INSURANCE COMPANY, Appellee.**

**No. 14546.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 25, 1967.

Rehearing Denied Feb. 23, 1967.

Reid & Taylor, San Antonio, for appellant.

Wiley & Thornton, Dayton G. Wiley, Robert B. Thornton, Lewin Plunkett, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant, Santiago Guzman, appeals from a judgment rendered on a jury verdict in his suit to recover benefits from appellee, Phoenix Insurance Company, under the

Texas Workmen's Compensation Act, for injuries received to his right hand in the course of employment.

The jury found temporary total loss of use of appellant's right hand for a period of 44 weeks with no partial loss of use. The jury also found that the effect of the injury did not extend to and affect his right arm, however, this finding is not pertinent to the appeal. Appellee had voluntarily paid compensation benefits for 44 weeks and therefore a take-nothing judgment was entered on this verdict.

■ Appellant complains, by "no evidence" and "insufficient evidence" points, of the jury findings limiting the period of total loss of use of his hand and that this period was not followed by any partial disability. He does not contend that he has established any other period as a matter of law, and since he seeks a remand of the case, we will consider only his "insufficient evidence" points. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.Law Rev. 361.

On September 25, 1963, appellant sustained an injury in the course of his employment for K. O. Steel Castings, Inc., when he caught his hand in a sand-mixer and ran a spike through his hand between his thumb and index finger. Appellee, the compensation carrier for K. O. Steel, assumed liability under the Workmen's Compensation Act. Appellant was hospitalized from September 25 to October 14, 1963. Corrective surgery was performed on his hand on three other occasions, which required him to be hospitalized from February 6 to February 11, 1964, from July 23 to July 30, 1964, and from December 15 to December 18, 1964. It was stipulated in the presence of the jury that compensation benefits were paid by appellee at the applicable rate of $34.61 per week for the following

periods: September 26, 1963, to April 15, 1964, being 29 weeks; July 24 to October 4, 1964, being 10 weeks and 3 days; December 15, 1964, to January 20, 1965, being 5 weeks and 2 days.

The jury was instructed that the loss of use of a member does not imply an absolute disability to perform any kind of labor, but an incapacity of the member, disqualifying the person from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment requiring the use of that member.

The thrust of appellant's argument is that a period of 44 weeks from *date of injury* expired on July 29, 1964; whereas, under the undisputed record, he was hospitalized for treatment of his hand on July 30, 1964, and was so again hospitalized about six months later. Appellant asserts that he obviously was incapacitated from work while his injury was such as to require hospitalization.

■ This argument overlooks the proposition that the jury did not find that appellant sustained a temporary total loss of use for 44 *continuous* weeks, or that the period of 44 weeks was from date of injury. Under the issue as submitted,[1] the jury found only that such loss of use had continued for a period of 44 weeks. Under the record in this case such a finding is equivalent to a finding that appellant suffered such loss for a total of 44 weeks.

This finding was in accordance with appellee's theory of the case. Appellee admitted that appellant had suffered a temporary total loss of use of his right hand and that it had paid the compensation benefits for such incapacity and had furnished the necessary medical services. The parties stipulated that compensation benefits were fully paid during the period covered by each of appellant's hospitalizations. Evi-

---

1. "QUESTION NO. 2: For what period of time, if any, do you find, from a preponderance of the evidence, that such temporary total loss of use, if any you have found, has continued or will continue?
   Answer by stating a period of time, if any, in days or weeks.
   We, the Jury, answer: 44 weeks."

dence was introduced to show that appellant held jobs during the intervals between his various hospital confinements.

We cannot say, after a review of the entire record as required by appellant's insufficient evidence points of error, that the jury findings that appellant sustained a total loss of use of his right hand for only 44 weeks, with no partial loss of use thereafter, are so contrary to the overwhelming preponderance of the evidence as to be manifestly unjust and unfair so as to require a remand of the case. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

The only evidence of loss of use was the testimony of appellant. He testified that at the time of the trial, which was in March, 1966, he still could not open his thumb all the way and grip a wrench with it or lift normally with his right hand. Neither party called a medical witness, although the entire hospitalization record was introduced into evidence without explanation or comment, other than an observation by appellant's counsel that on appellant's discharge in July, 1964, he took "Percadan tablets" home with him.

Appellant admitted that the compensation benefits were stopped in April, 1964, after he returned to work. There was evidence that he held at least four jobs requiring use of his right hand before January, 1965. He was not discharged from any of these jobs. One of them was as an apprentice jeweler under the Texas Rehabilitation Program, and this employer testified that appellant was able to use his fingers in satisfactory performance of his work. He also testified that corrective surgery was performed on the hand in July, 1964, while appellant was working for him, and that after an absence of five or six days appellant returned to regular work and had greater use of his hand than before the surgery.

Appellant was discharged by the treating doctor on January 20, 1965, and has not received any medical treatment since that time. One week after his final discharge from the doctor, appellant entered and won the heavyweight novice division of the San Antonio Golden Gloves boxing tournament. At the time of the trial he had been continuously employed since August, 1965, as a paper stacker. In addition to this use of his hands, he still boxed as a hobby and regularly worked out on a sand punching bag. The jury had the opportunity to observe the physical condition of his hand. This record fully supports the jury verdict that appellant had sustained a temporary total loss of use of his right hand for a period of 44 weeks without any partial loss of use. Guerra v. Texas Employers Ins. Ass'n, 343 S.W.2d 306 (Tex.Civ.App.—San Antonio 1961, no writ).

The judgment is affirmed.