

# The Attorney General of Texas

December 14, 1977

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Cue D. Boykin
Texas Industrial Accident Board
Lyndon Baines Johnson Building
P. O. Box 12757 - Capitol Station
Austin, Texas   78711

Dear Mr. Boykin:

Opinion No. H- 1105

Re:  Computation of
benefits due a State
employee with a spe-
cific injury under
the workmen's com-
pensation statutes.

You inquire about the relationship between accrued
sick leave and workmen's compensation benefits for State
employees who sustain a specific injury.  Article 8309g,
which provides workmen's compensation insurance for State
employees, adopts numerous provisions of the Workmen's
Compensation Law.  V.T.C.S. art. 8309g, § 15(a); see
V.T.C.S. art. 6674s, § 7.  Among the provisions adopted
and made applicable to State employees is article 8306,
section 12, which provides compensation for certain in-
juries.  This section reads in pertinent part:

> For the injuries enumerated in the
> following schedule the employee shall
> receive in lieu of all other compen-
> sation except medical aid, hospital
> services and medicines as elsewhere
> herein provided a weekly compensation
> equal to . . . [a percentage of weekly
> wages] for the respective periods
> stated herein. . . .

V.T.C.S. art. 8306, § 12.  There follows a schedule detail-
ing the number of weeks' compensation provided for various
specific injuries, primarily the loss of limbs.  For example,
an employee who has lost a hand receives compensation for
150 weeks.  Section 12 also provides compensation for loss
of use of a limb and other partial incapacities.

Article 8309g provides that a State employee "is not
entitled to weekly payments of compensation under this
article until he has exhausted his accrued sick leave."

Sec. 12; Attorney General Opinion H-701 (1975).  You ask whether this provision requires that the period of sick leave used by an employee who sustained a permanent specific injury be deducted from the weeks of compensation owing to him under article 8306, section 12.  If this deduction is made, a State employee who has lost a hand in a job-related injury, and who takes three weeks of accrued sick leave, would receive 147 weeks of compensation under article 8306, section 12, instead of 150 weeks.

In our opinion, article 8309g, section 12 does not provide for the offsetting of sick leave and compensation for a specific injury.  See City of Corpus Christi v. Herschbach, 536 S.W.2d 653 (Tex. Civ. App. -- Corpus Christi 1976, writ ref'd n.r.e.); Attorney General Opinion H-338 (1974) at 9.  Article 8309g, section 12 refers instead to the timing of weekly compensation payments, since an employee may not receive them while he is using accrued sick leave.  It does not expressly permit the offsetting of sick leave and workmen's compensation; however, in some cases, the postponement of compensation while the employee is on accrued sick leave will have the effect of offsetting the two kinds of benefits.  For example, an employee who sustains the total temporary loss of use of a limb is entitled to compensation under the specific injury provision for the duration of such loss.  Texas Employers Ins. Ass'n v. Patterson, 192 S.W.2d 255 (Tex. 1946).  If he remains on sick leave for the duration of the total temporary loss, he will never become entitled to weekly compensation payments.  If he exhausts his accrued sick leave part way through the period of total loss, he may collect weekly compensation payments only for the remainder of that period.  See Guzman v. Phoenix Ins. Co., 411 S.W.2d 642 (Tex. Civ. App. -- San Antonio 1967, writ ref'd n.r.e.).  See also Texas Employees Ins. Ass'n v. Guidry, 99 S.W.2d 900 (Tex. Comm'n App. 1937, opinion adopted).

Compensation for a permanent specific injury is not as closely tied to a period of incapacity.  It is in the nature of liquidated damages, United Employers Casualty Co. v. Knight, 139 S.W.2d 613 (Tex. Civ. App. -- Beaumont 1940, writ dism'd jdgmt. cor.), given to compensate the partial incapacity that presumptively results from the injuries listed in article 8306, section 12.  Traders & General Ins. Co. v. Maxwell, 142 S.W.2d 685 (Tex. Civ. App. -- Texarkana 1940, writ dism'd jdgmt. cor.).  A showing of incapacity for work is not essential to recovery for a specific injury.  Fidelity Union Casualty Co. v. Munday, 44 S.W.2d 926 (Tex. Comm'n App. 1932, jdgmt. adopted); Stahl v. Firemen's Fund Indemnity Co., 295 S.W.2d 473 (Tex. Civ. App. -- Waco 1956, no writ).  When an employee has exhausted his

sick leave or has returned to work he still has a permanent incapacity that should be compensated in accord with article 8306, section 12. Since the employee's incapacity is permanent, the postponement of his eligibility for weekly compensation payments does not effectively reduce the time period during which he may receive compensation under the specific injury provision.

Recovery for a specific injury under article 8306, section 12 is to be "in lieu of all other compensation except medical aid. . . ." See Zurich General Accident & Liability Ins. Co. v. Holmes, 291 S.W.2d 373, 377 (Tex. Civ. App. -- Beaumont 1956, writ ref'd n.r.e.). It is suggested that sick leave pay is compensation within this provision, and for this reason must be offset against the award for a specific injury. In our opinion, "all other compensation" refers to compensation under the Workmen's Compensation Act, and not compensation from other sources. See Muro v. Houston Fire and Casualty Ins. Co., 310 S.W.2d 420 (Tex. Civ. App. -- San Antonio 1958, writ ref'd n.r.e.). The employee's earnings after the injury do not reduce his recovery for a specific injury. See Stahl v. Firemen's Fund Indemnity Co., supra. Sick leave for State employees is provided by the Appropriations Act and is earned throughout their employment. General Appropriations Act, Acts 1977, 65th Leg., art. V, § 7b, at 3146. It is part of the employee's remuneration for work for the State, see Attorney General Opinions H-1083 (1977); H-797 (1976), and not the "compensation" referred to in section 12 of article 8306.

### S U M M A R Y

State employees who sustain a permanent specific injury entitling them to workmen's compensation benefits should receive the compensation scheduled in article 8306, section 12 without deduction for accrued sick leave used.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst