

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 14, 1977

The Honorable Charles LeMaistre
Chancellor
The University of Texas
601 Colorado Street
Austin, Texas  78701

Opinion No. H-943

Re: Operation of the
Texas Medical Center
Central Heating and
Cooling Services
Cooperative Association.

Dear Chancellor LeMaistre:

You have requested our opinion regarding the operation of the Texas Medical Center Central Heating and Cooling Services Cooperative Association.  Article 4447r, V.T.C.S., permits certain "eligible institutions" to form a cooperative association for the purpose of providing a centralized system of heating, cooling, laundry and other services at the Texas Medical Center in Houston.  "Eligible institutions" is defined to include only "health-related state-supported institutions . . . and nonprofit health-related institutions. . . ." Sec. 2(1).  Among other powers, the cooperative association so formed is authorized

> to acquire, own, and operate a system or systems on a cooperative basis <u>solely for the benefit of the eligible institutions which are members of the association</u> . . . . Sec. 3(1).  (Emphasis added).

You ask whether the Texas Medical Center Heating and Cooling Services Cooperative Association, a cooperative association established pursuant to article 4447r, V.T.C.S., may furnish services to an "eligible institution" which is not a member of the Association.

p. 3941

In our opinion, the statute's use of the term "solely" prohibits the Association from providing services to any institution which is not a member thereof.  You have not suggested that the furnishing of services to non-members would be of no benefit to them.  A Texas court has held that "solely"

> has a definite meaning.  It is defined by the Century Dictionary as:  'Singly; alone; only; without another.'  Consolidated Underwriters v. Wilson, 111 S.W.2d 865, 866 (Tex. Civ. App. -- Texarkana 1937, writ dism'd).

See also Standard Life & Accident Insurance Co. v. Roberts, 318 S.W.2d 757, 761 (Tex. Civ. App. -- Amarillo 1958, writ dism'd).  Other courts have added that "solely" means "to the exclusion of other purposes, persons, etc.; merely; entirely; wholly. . . ."  Bergsvik v. Bergsvik, 291 P.2d 724, 730 (Ore. 1955).  And the United States Supreme Court has held that the use of "'[s]olely' leaves no leeway."  It means "exclusively."  Helvering v. Southwest Consolidated Corp., 315 U.S. 194, 198 (1942); Stockton Harbor Industrial Co. v. Comm'r of Internal Revenue, 216 F.2d 638, 645 (9th Cir. 1954).

By contrast, article 1396-50.01, V.T.C.S., the Cooperative Association Act, states only that the purpose of a cooperative association formed thereunder shall be "for the primary and mutual benefit of the members of the association."  Sec. 5.  (Emphasis added).  And article 5740, V.T.C.S., which deals with agricultural marketing associations, specifically provides that "any . . . activities may extend to non-members. . . ."

In contrast to the language used in other cooperative association statutes, article 4447r permits the operation of the association "solely for the benefit of . . . members. . . ."  Sec. 3(1).  "Solely" has a clear and well-defined legal meaning, and the Legislature must be presumed to have carefully chosen the statutory language.  It is therefore our opinion that the Texas Medical Center Central Heating and Cooling Services Cooperative Association may not furnish services to non-members.

The Honorable Charles LeMaistre - page 3   (H-943)

S U M M A R Y

A cooperative association established
pursuant to article 4447r, V.T.C.S., such
as the Texas Medical Center Central
Heating and Cooling Services Cooperative
Association, may not furnish services to
non-members.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb