Honorable Cue D. Boykin Texas Industrial Accident Board Lyndon Baines Johnson Building P. O. Box 12757-Capitol Station Austin, Texas 78711
Re: Computation of benefits due a State employee with a specific injury under the workmen's compensation statutes.
Dear Mr. Boykin:
You inquire about the relationship between accrued sick leave and workmen's compensation benefits for State employees who sustain a specific injury. Article 8309g, which provides workmen's compensation insurance for State employees, adopts numerous provisions of the Workmen's Compensation Law. V.T.C.S. art. 8309g, § 15(a); see V.T.C.S. art. 6674s, § 7. Among the provisions adopted and made applicable to State employees is article 8306, section 12, which provides compensation for certain injuries. This section reads in pertinent part:
 For the injuries enumerated in the following schedule the employee shall receive in lieu of all other compensation except medical aid, hospital services and medicines as elsewhere herein provided a weekly compensation equal to . . . [a percentage of weekly wages] for the respective periods stated herein. . . .
V.T.C.S. art. 8306, § 12. There follows a schedule detailing the number of weeks' compensation provided for various specific injuries, primarily the loss of limbs. For example, an employee who has lost a hand receives compensation for 150 weeks. Section 12 also provides compensation for loss of use of a limb and other partial incapacities.
Article 8309g provides that a State employee `is not entitled to weekly payments of compensation under this article until he has exhausted his accrued sick leave.' Sec. 12; Attorney General Opinion H-701 (1975). You ask whether this provision requires that the period of sick leave used by an employee who sustained a permanent specific injury be deducted from the weeks of compensation owing to him under article 8306, section 12. If this deduction is made, a State employee who has lost a hand in a job-related injury, and who takes three weeks of accrued sick leave, would receive 147 weeks of compensation under article 8306, section 12, instead of 150 weeks.
In our opinion, article 8309g, section 12 does not provide for the offsetting of sick leave and compensation for a specific injury. See City of Corpus Christi v. Herschbach, 536 S.W.2d 653
(Tex.Civ.App.-Corpus Christi 1976, writ ref'd n.r.e.); Attorney General Opinion H-338 (1974) at 9. Article 8309g, section 12 refers instead to the timing of weekly compensation payments, since an employee may not receive them while he is using accrued sick leave. It does not expressly permit the offsetting of sick leave and workmen's compensation; however, in some cases, the postponement of compensation while the employee is on accrued sick leave will have the effect of offsetting the two kinds of benefits. For example, an employee who sustains the total temporary loss of use of a limb is entitled to compensation under the specific injury provision for the duration of such loss. Texas Employers Ins. Ass'n v. Patterson, 192 S.W.2d 255 (Tex. 1946). If he remains on sick leave for the duration of the total temporary loss, he will never become entitled to weekly compensation payments. If he exhausts his accrued sick leave part way through the period of total loss, he may collect weekly compensation payments only for the remainder of that period. See Guzman v. Phoenix Ins. Co., 411 S.W.2d 642 (Tex.Civ.App.-San Antonio 1967, writ ref'd n.r.e.). See also Texas Employees Ins. Ass'n v. Guidry, 99 S.W.2d 900 (Tex. Comm'n App. 1937, opinion adopted).
Compensation for a permanent specific injury is not as closely tied to a period of incapacity. It is in the nature of liquidated damages, United Employers Casualty Co. v. Knight, 139 S.W.2d 613
(Tex.Civ.App.-Beaumont 1940, writ dism'd jdgmt. cor.), given to compensate the partial incapacity that presumptively results from the injuries listed in article 8306, section 12. Traders General Ins. Co. v. Maxwell, 142 S.W.2d 685 (Tex.Civ.App.-Texarkana 1940, writ dism'd jdgmt. cor.). A showing of incapacity for work is not essential to recovery for a specific injury. Fidelty Union Casualty Co. v. Munday, 44 S.W.2d 926 (Tex. Comm'n App. 1932, jdgmt. adopted); Stahl v. Firemen's Fund Indemnity Co.,295 S.W.2d 473 (Tex.Civ.App.-Waco 1956, no writ). When an employee has exhausted his sick leave or has returned to work he still has a permanent incapacity that should be compensated in accord with article 8306, section 12. Since the employee's incapacity is permanent, the postponement of his eligibility for weekly compensation payments does not effectively reduce the time period during which he may receive compensation under the specific injury provision.
Recovery for a specific injury under article 8306, section 12 is to be `in lieu of all other compensation except medical aid. . . .' See Zurich General Accident Liability Ins. Co. v. Holmes,291 S.W.2d 373, 377 (Tex.Civ.App.-Beaumont 1956, writ ref'd n.r.e.). It is suggested that sick leave pay is compensation within this provision, and for this reason must be offset against the award for a specific injury. In our opinion, `all other compensation' refers to compensation under the Workmen's Compensation Act, and not compensation from other sources. See Muro v. Houston Fire and Casualty Ins. Co., 310 S.W.2d 420 (Tex.Civ.App.-San Antonio 1958, writ ref'd n.r.e.). The employee's earnings after the injury do not reduce his recovery for a specific injury. See Stahl v. Firemen's Fund Indemnity Co., supra. Sick leave for State employees is provided by the Appropriations Act and is earned throughout their employment. General Appropriations Act, Acts 1977, 65th Leg., art. V, § 7b, at 3146. It is part of the employee's remuneration for work for the State, see Attorney General Opinions H-1083 (1977); H-797 (1976), and not the `compensation' referred to in section 12 of article 8306.
 SUMMARY
State employees who sustain a permanent specific injury entitling them to workmen's compensation benefits should receive the compensation scheduled in article 8306, section 12 without deduction for accrued sick leave used.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee